## PHINEAS B. INGALLS, RESPONDENT, v. W. L. AUSTIN, APPELLANT.

| 8 | 333 |
| 8 | 346 |

| 8 | 333 |
| 16 | 431 |
| 8 | 333 |
| 24 | 557 |

APPEAL— *Findings of fact— Conflict of evidence.* —The case was tried by the District Court without a jury. From a judgment in favor of the plaintiff, and an order overruling a motion for a new trial, the defendant appealed. The record contained no findings by the court, and showed that the evidence had been conflicting as to the issues tried. *Held*, that under the circumstances it must be presumed that the facts found by the court support the judgment; and that where the evidence is conflicting, findings of fact rest upon the same principle as the verdict of a jury. (*Ming* v *Truett*, 1 Mont. 328; *Story* v. *Black*, 5 Mont. 26; 51 Am. Rep. 37, cited.)

*Appeal from the First Judicial District, Jefferson County.*

### STATEMENT.

This is an appeal from a judgment and order overruling a motion for a new trial. The action was instituted in Jefferson County by respondent, Phineas B. Ingalls, against William L. Austin, and was brought for the purpose of procuring a dissolution of an alleged copartnership between the parties, and an accounting for certain moneys alleged to have been received by appellant for certain ores sold by the copartnership to the Toston Smelting Company.

The answer denied all the allegations of the complaint, and the receipt of any money by the appellant, for which he had not fully accounted.

The cause was brought to trial before the judge, without a jury, and a judgment was rendered against the appellant for $213.75 and costs.

*Carter & Clayberg*, for Appellant.

We submit that there was no evidence given which tended to establish the receipt or misappropriation of any money by appellant. It must be remembered that the respondent made the allegation of receipt and misappropriation by appellant, and therefore the burden of proof rested upon him to substantiate this allegation (2 Lindley on Partnership, 537, and cases cited in notes), and unless he furnished sufficient evidence to enable the court to settle the account, his action should have been dismissed. (*Camblat* v. *Tupery*, 2 La. An. 10.) We submit that

a careful examination of the transcript will disclose that no evidence was furnished by respondent, which tended to show that appellant had received any money; consequently he could not have misappropriated it. We believe the law to be well settled that upon an accounting, a partner cannot be charged with something which never came into his possession, or under his control. (2 Lindley on Partnership, 537; Abbott's Trial Evidence, 226; *Gillett* v. *Hall*, 13 Conn. 426.)

*E. D. Weed*, for Respondent.

The respondent submits that there is not only sufficient evidence to support the findings of the lower court, but that the evidence is overwhelming and conclusive. It has been repeatedly held by this court, following a long line of decisions, that where there is evidence tending to sustain the judgment, a new trial will not be ordered. (*Ming* v. *Truett*, 1 Mont. 322.) The findings of a court, when a jury is waived, stand upon the same footing as a verdict of the latter, and are governed by the same rules of law. (*Merrick* v. *Boury*, 4 Ohio St. 60.) In order to set aside a judgment upon the ground that it is not sustained by the evidence, there must be such a preponderance of evidence as to satisfy the appellate court that there was an absolute mistake on the part of the court below, or that it acted under the influence of prejudice, passion, or corruption. (*Cohen* v. *Dupont*, 1 Sand. 260; *McGatrick* v. *Wason*, 4 Ohio St. 566; *Ming* v. *Truett*, 1 Mont. 322, especially see page 328; *Story* v. *Black*, 5 Mont. 26, especially page 41; 51 Am. Rep. 37.) If the evidence was conflicting, the court will not grant a new trial, even though they deem the conclusion reached by the court below erroneous. (*Winchell* v. *Latham*, 6 Cowen, 682; *Fleming* v. *Hollenback*, 7 Barb. 271; *Mackey* v. *N. Y. C. R. R. Co.* 27 Barb. 528; *Stoddard* v. *Long Island R. R. Co.* 5 Sand. 180; *Adsit* v. *Wilson*, 7 How. Pr. 64; *Arbernethy* v. *Wayne Co. Bank*, 5 Ohio St. 266.) "All facts which are necessary to support the judgment, and which come within the issues raised by the pleadings, although not expressly found, will be presumed to be in accordance with the judgment." (*Alder Gulch Con. Manuf. Co.* v. *Hayes*, 6 Mont. 31, see page 33; *McMillan* v.

*Carter*, 6 Mont. 215, see page 220; *Thompson* v. *O'Neil*, 41 Cal. 683.)

DE WOLFE, J.—Appeal from a judgment and order overruling a motion for a new trial. The action was brought for the dissolution of an alleged copartnership and for an accounting. The cause was by consent tried by the court without a jury, and the court, after hearing the evidence, rendered judgment in favor of the plaintiff (respondent in this court) for $123.75 and costs, amounting to $103.80. No written findings of fact or conclusions of law were made by the court; nor, so far as appears by the record, was any decree made or entered dissolving the partnership between plaintiff and defendant, which the court must have found to exist before it could render a judgment for a balance due by one partner to the other. We must take the record therefore as we find it, and determine from its examination whether it discloses any error which will warrant this court in reversing the judgment and awarding a new trial.

The evidence was very conflicting; the statements of the plaintiff and defendant, particularly, being opposed in most respects to each other, one alleging and the other denying the existence of any copartnership. So, also, in regard to the defendant (appellant in this court) having in his hands any money belonging to the copartnership, the statements of the parties were directly crosswise. As the parties themselves were the principal witnesses, the court in forming its judgment was of necessity compelled to take into consideration the situation of the parties, and all the facts surrounding their relations with one another, and from these must have come to the conclusion that a partnership existed between them, and also, that there was a balance due from the defendant to the plaintiff of the amount, for which the court rendered judgment. There certainly was evidence to support the judgment, and whether it was conclusive or not, is not a matter that this court can review.

It has been settled by too many decisions, and the principle itself is too important to be overturned, that all presumptions are in favor of the validity of a judgment; and if the record contains no findings of facts on which the judgment is founded, it will be presumed in the appellate court that the facts found

by the court supported the judgment; and where, as in the present case, the evidence is conflicting, the findings of fact and judgment thereon by the court will not be reversed on that account, but rest upon the same principal as does the verdict of a jury, when the evidence is conflicting. Abundance of authorities could be cited from the decisions of other courts in support of the above principle, but it is deemed unnecessary to refer to them, as the Supreme Court of this Territory has repeatedly announced the same rule. (See *Ming* v. *Truett*, 1 Mont. 322; *Story* v. *Black*, 5 Mont. 26; 51 Am. Rep. 37.)

The judgment must be and is affirmed.

*Judgment affirmed.*

BACH, J., and LIDDELL, J., concur.