## FRANZ v. HAIR.

No. 4970.   Decided June 26, 1930.   (289 P. 130.)

*C. D. Pope,* of Helper, and *R. J. Larson,* of Duchesne, for appellant.

*Henry Ruggeri,* of Price, for respondent.

FOLLAND, J.

This action is to recover on a promissory note given by defendant to plaintiff. Judgment was entered for plaintiff on his motion for judgment on pleadings.

The complaint is in the usual form alleging execution and delivery of the note for $453.55, nonpayment of same, and balance due. The answer admits execution and delivery of the note and that it has not been paid, but sets forth by way of affirmative defense that the note was given as part payment on the purchase price of a truck; that thereafter the truck was redelivered by defendant to plaintiff and retained by plaintiff as his own property; that by reason thereof consideration for the note has wholly and completely failed. Plaintiff's reply admits the note mentioned was given as part payment for the truck, and alleges that in addition thereto defendant had given a title retaining note retaining title to the truck in plaintiff until the balance had been paid, and denying failure of consideration. Up to this point a copy of the conditional contract had not been set out in the pleadings. A demurrer to the reply was filed and argued fully to the court. After the overruling of this demurrer the defendant filed an amended answer substantially the same as the first answer but pleading and attaching thereto a copy of the conditional sale contract. The plaintiff then filed a demurrer to the answer and made his motion for judgment on the pleadings.

The undisputed facts made to appear by the pleadings are substantially as follows: On August 3, 1926, the plaintiff agreed to sell and defendant agreed to buy a 5-6 Moreland motortruck. The agreed price was $8,509.95. Defendant

paid $2,113.45 in cash and executed and delivered to plaintiff his promissory note for $453.55, which is the note sued on in this action. The parties then executed a conditional sale contract by the terms of which the seller retained title to the truck until the balance of $5,942.95 was paid. The conditional contract recited that "the purchaser has this day paid to the seller two thousand five hundred sixty-seven and No/100 dollars ($2,567.00)," which sum includes the cash payment of $2,113.45 and the note sued on for $453.55. Other provisions in the conditional contract are "the pur-' chaser agrees to pay the seller, or order, five thousand nine hundred forty-two and 95/100 dollars ($5,942.95) balance, payable in fifteen installments of $396.20. Title to said property shall not pass to the purchaser until all money herein agreed to be paid, or any judgment rendered therefor, has been fully paid in cash."

The contract provides, in the event of repossession of the property for default in payments, "all payments made by purchaser shall be retained by seller as damages for the use of the property.

About a year after the making of this contract, the plaintiff repossessed the property upon nonpayment of installments under the conditional contract.

Appellant urges that the trial court erred in overruling his demurrer to the reply, sustaining demurrer to the answer, and entering judgment on the pleadings.

These alleged errors present but a single question as stated by appellant in his reply brief:

"Counsel for respondent agree with counsel for appellant in this action that the only question to be decided upon this appeal is whether or not the note sued upon was given as payment pro tanto, or as evidence of indebtedness."

This would appear to be a proper case for judgment on pleadings because the facts are not in dispute and the con-

ditional contract, made a part of the amended answer, is free from ambiguity. We are of the opinion that these facts show with reasonable clearness it was the intention of the parties that the note sued on should be considered as payment pro tanto. It is referred to in the contract as a cash payment. Respondent could not repossess the property for failure to pay at maturity the note sued on. This note is in no way included in the conditional agreement. The provision of the contract is that title shall not pass until "all money *herein* agreed to be paid" has been fully paid in cash. This does not refer to the note sued on, but to the balance which was agreed to be paid in installments. The note is necessarily excluded because treated in the contract as a part of the cash payment.

The view is supported in *Norman* v. *Meeker,* 91 Wash. 534, 158 P. 78, 80, Ann. Cas. 1917D, 462. The facts of that case are similar to the facts in the instant case. In the conditional contract it was stipulated that of the agreed purchase price "second party (vendee) has paid a note for five hundred dollars ($500.00) for 60 days, the receipt of which is hereby acknowledged." The note referred to as constituting the down payment was executed by the purchaser under the contract and a third party, a stranger to the sale transaction. The suit on the note was against the stranger to the sale. The question there was the same as here, whether the note was given and accepted "in lieu of cash, as payment and satisfaction pro tanto of part of the purchase price under a conditional sale of chattels." The language of the court, in deciding that plaintiff could recover on the note nothwithstanding recaption of the property, is particularly pertinent here, as follows:

"Preliminary cash payments under conditional sales are usually considered as payments for the use and wear of the property while the vendee is in possession. Where, as in this case, the note in question was not included within the conditional terms of the contract, but was given as a preliminary payment, the equivalent of cash, we cannot hold that the consideration has failed by reason of the recaption of the property."

Appellant insists this case is not controlling because the note involved was a note of a stranger to the conditional contract, whereas in the case at bar the note was given by the original debtor. He says:

"The delivery by a debtor of his own promissory note to a creditor is, in the absence of agreement to the contrary, considered as evidence of indebtedness and not payment; whereas, the contemporaneous delivery of the note of a third person is, in the absence of evidence or an agreement to the contrary, considered payment and not an evidence of indebtedness," citing 21 R. C. L. 72 and 82.

This argument is answered by the conditional contract wherein it is clearly indicated that the note is regarded as a part of the down payment in cash. This we take to be payment pro tanto.

Appellant also relies on *I. X. L. Stores Co.* v. *Moon,* 49 Utah 262, 162 P. 622, but that case is distinguished from this one because the notes there sued upon were included as part of the purchase price conditioned under the contract. Here the note sued on was part of the down payment, not included in the balance covered by the conditional contract, and by the terms of the contract was to be retained, in case of repossession of the property by the seller, as damages for the use of the property. There was no failure of consideration.

Judgment affirmed, with costs to respondent.

CHERRY, C. J., and STRAUP, ELIAS HANSEN, and EPHRAIM HANSON, JJ., concur.