**BARTELS v HERCULES CO et**

Ohio Appeals, 2nd Dist, Montgomery Co

No 1345. Decided Feb 6, 1936

Thomas, Hyers & Leyland, Dayton, for plaintiff in error.

James C. Baggott, Dayton, and Ben T. Wyant, Marion, for defendants in error.

## OPINION

By BODEY, J.

This is an error proceeding from the Common Pleas Court. The parties occupy positions similar to those in the lower court and will be referred to as such.

In his petition the plaintiff alleges that he is entitled to the possession of a certain road roller by reason of his ownership of a chattel mortgage executed to him by the defendant, J. W. Bartels, Inc. It is alleged in the petition that this road roller was purchased from the defendant, The Hercules Company, on a conditional sale; that The Hercules Company had instituted su't for a portion of the purchase price thereof and that by reason thereof said company had waived its right to possession of said roller under its conditional sales agreement. Plaintiff therefore claimed a first lien on this road roller and in his prayer sought to have a decree of the court to that effect and the issue of a restraining order temporarily enjoining The Hercules Company from removing said personal property from its then location in the city of Dayton. The temporary restraining order was allowed to issue.

The issues were made between this petition and the second amended answer of defendant, The Hercules Company. The answer contains several admissions, but denies the waiver of its right of possession under the conditional sales agreement.

The trial court found in favor of the defendant, The Hercules Company, and awarded to it damages in the sum of $800.00 on account of the improper allowance of the temporary restraining order. A motion for new trial was filed and overruled. In this proceeding the plaintiff seeks to reverse this final order.

The plaintiff claims that the trial court erred in overruling his motion for a new trial, that its decision is contrary to law, that it erred in dismissing the plaintiff's petition, that it erred in finding that the restraining order should not have been granted, that it erred in the assessment of damages and that it erred in determining the measure of damages as awarded against plaintiff.

The facts show that on October 11, 1932, the defendant, J. W. Bartels, Inc., purchased the road roller in question from the defendant, The Hercules Company, for the sum of $3500.00; that this purchase was evidenced by a conditional sales agreement; that this agreement was properly filed with the recorder on October 11, 1932; that the agreement provided for a total payment of $3500.00 as follows:

"Cash 30 days $1000 against B/L $..... balance $2500 payable in 11 payments, and to be evidenced by notes;"

that a note for $1000 due in 30 days, together with other notes representing the sum of $2500.00 which fell due monthly beginning December 12, 1932, were executed by J. W. Bartels, Inc., to The Hercules Company; that the road roller was delivered to The Bartels Company; that the $1000.00 note was not paid in thirty days; that action thereon was instituted in the Common Pleas Court of Preble County; judgment was rendered thereon on November 16, 1932, execution was issued and a levy made upon other personal property of Bartels, Inc.; that said judgment was paid; that on May 10, 1933, The Bartels Company borrowed $1000.00 from plaintiff and executed its chattel mortgage on the road roller in favor of plaintiff to secure said loan, which chattel mortgage was properly filed with the County Recorder; that none of the notes other than the $1000.00 note was paid and that in June, 1933, The Hercules Company instituted a proceeding in replevin in the Common Pleas Court of Preble County in which it sought to recover the possession of said road roller under its conditional sale. Thereupon the present action was instituted.

The entire controversy centers around the construction which is to be placed upon the provision in said agreement calling for payment of $1000.00 cash in 30 days. Counsel for plaintiff insist that the language should be construed to read "Cash 30 days $1000.00 against B/L" while counsel for defendant contend that the provision properly means cash 30 days $1000.00; against

B/L $....... If the contention of plaintiff is correct then the $1000.00 note represented an agreement for the payment of a part of the whole purchase price and the whole thereof was secured by the conditional sale. If the contention of The Hercules Company is accepted then the note for $1000.00 represented the cash payment which should have been made in 30 days and was no part of the conditional sale agreement.

The trial court found that this $1000.00 note executed by the defendant, J. W. Bartels, Inc., represented a down payment of $1000.00 and that the conditional sale agreement covered the balance of the purchase price, to-wit, $2500.00. We can not disagree with this conclusion. The evidence of C. A. Owens, president of The Hercules Company, clearly establishes the fact that the $1000.00 note was accepted in lieu of the cash payment provided for in the sales agreement. In one portion of his testimony J. W. Bartels, who was president of the incorporated company bearing his name. made a similar statement. Irrespective of this testimony we are of opinion that the form of contract is such as to preclude a finding such as is contended for by plaintiff. In our judgment this contract in its form provided for the payment of cash, if desired, the payment of another amount on receipt of the bill of lading, and for payment of the balance in installments. In addition to all of this, the affidavit in support of the claim of The Hercules Company under the conditional sales agreement, which was filed with the Recorder, provided that the balance due was $2500.00 rather than $3500.00. We conclude that the trial court was correct in its finding of facts on this $1000.00 payment.

Since The Hercules Company accepted its down payment in the form of a note it could not preclude itself from exercising its rights under its conditional sale agreement by taking the necessary action to collect this note when it fell due. As we view the matter the acceptance of this $1000.00 note represented a payment insofar as the 30 day cash payment was concerned. It had nothing whatever to do with the balance of $2500.00 which was due under the agreement. Since it was a down payment. any action taken toward its collection would not operate as a waiver of other rights held by The Hercules Company by virtue of its conditional sale agreement. Counsel for the parties raise no issue concerning this statement. The authorities uniformly support the proposition of non-waiver

of rights under a conditional sale contract where the seller endeavors to collect his down payment which has been evidenced by a promissory note. Probably the best reference which can be made in support of the proposition is that found in the case and the note following in 83 A.L.R., 990.

Counsel for plaintiff have argued that the case of **Albright v Meredith, 58 Oh St, 194**, is conclusive. This case might be authority to sustain the position of plaintiff if the $1000.00 note was not considered a down payment. The first sentence of the 3rd syllabus, however, sustains the very proposition which we have before us, when we consider the $1000.00 note as a down payment. The language of that syllabus is as follows:

"A vendor of chattels by a conditional sale who has put the purchaser in possession and received a portion of the purchase money, may, upon default by the purchaser in subsequent payments, re-take the goods by complying with the conditional sales act, §7913-73 Revised Statutes (S & B) (now §8570 GC) as to tender of amount paid," etc.

The only action which The Hercules Company has taken other than its suit to collect the $1000.00 note was to file a replevin action after some of the installments of the notes were due. Under the authority of the case of Albright v Meredith and under the statute it had a perfect right to do this. It was re-taking its personal property. Since §8570 GC which is one of the conditional sales statutes, excepts machinery, equipment and supplies for railroads and contractors from that class of property upon which a refund must be made, it follows that The Hercules Company was authorized to institute its replevin proceeding or to re-take its property without tendering any portion of the paid purchase price to J. W. Bartels, Inc. Since The Hercules Company has done nothing to waive its rights under the conditional sales agreement and since a copy of this agreement was properly filed with the Recorder prior to the execution of the chattel mortgage to plaintiff, it must necessarily follow that the rights of The Hercules Company to the road roller in question are superior to those of plaintiff. In so finding

the trial court committed no error.

In arriving at the amount of damages assessed against plaintiff the court took the value of the road roller at the time of the institution of plaintiff's action as

$2500.00. It computed interest at 6% on this amount for a two year period and also allowed depreciation at the rate of 10% per year for a similar period. The evidence showed that The Hercules Company had ,been kept out of possession of this roller ,for a period of two years by reason of the issue of the temporary restraining order. The evidence also showed that the rental value of such roller would approximate $250.00 a month, and that its depreciation in the two years would amount to about $1500.00. In other words, the evidence showed that the roller was worth only $1000.00 at the time the question was submitted in the lower court. It is common knowledge that all machinery deteriorates by lack of use over a period of time. We do not believe that an amount of money equal to the interest on the value of the piece of machinery truly represents the loss which may be sustained by reason of being kept out of possession of the same. In our judgment the interest figure represents only a portion of the actual damage. Depreciation must be figured. We would be loathe to say that a rental value of $250.00 a month over a period of two years represents the true measure of damages, bearing in mind that the roller was only worth $2500.00 when the restraining order was granted. Also bearing in mind that this roller had depreciated $1500.00 in value during this two year period, we are likewise unable to say that the damages of $800.00 allowed by the court are excessive. This item would represent an approximate depreciation of 33-1-3% over a two year period. It is our view that The Hercules Company is entitled to recover from plaintiff an amount of money which will make it whole as of the date this action was instituted. Since it is our view that the sum awarded by the lower court is not excessive it follows that no prejudicial error intervened in this particular.

The court has considered all of the errors set forth in the petition in error. In its judgment no prejudicial error is found in any of the particulars assigned in this petition. It is our opinion that substantial justice has been accomplished between the parties. No prejudicial error appearing in the record and substantial justice having been done, the judgment of the lower court should be affirmed.

BARNES, PJ, and HORNBECK, J, concur.