CHARLES G. JOHNSON, D/B/A PARK MOTORS, PLAINTIFF AND RESPONDENT, v. VIRGIL SANDERSON AND SUSAN N. SANDERSON, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF BYRON SANDERSON, DECEASED, DEFENDANTS AND APPELLANTS.

No. 9519.
Submitted September 16, 1957. Decided November 4, 1957.
Rehearing Denied December 11, 1957.
318 Pac. (2d) 248.

452

Mr. Robert P. Ryan, Deer Lodge, Messrs. Smith, Boone & Rimel, Missoula, for appellant.

Mr. J. B. C. Knight, Mr. Wade J. Dahood, Anaconda, for respondent.

Mr. Ryan and Mr. Dahood argued orally.

MR. JUSTICE ANGSTMAN:

The complaint in this action contains two causes of action. The first is based on a promissory note in the sum of $1,500. The second on an account in the sum of $161.28.

The appeal questions the propriety of the judgment in favor of plaintiff on the first cause of action only. Defendants contend that their motion for directed verdict as to it should have been sustained.

The cause was tried to the court sitting with a jury resulting in a verdict in favor of the plaintiff. Defendants' motion for new trial was denied and they appealed from the judgment.

The facts are as follows: On March 23, 1950, plaintiff sold to the defendants an International truck under the terms of a conditional sales contract. The defendants paid $1,000 down and the balance of $8,000, plus a carrying charge of $811, was to be paid at the rate of $300 per month. Defendants made payments on July 6 and September 15, 1950, of $300 each. On October 7, 1950, the defendants were in arrears in payments in the sum of $1,200 and an additional payment of $300 was coming due within a few days. The defendants thereupon on Oc-

tober 7, 1950, gave a promissory note to the plaintiff in the sum of $1,500. At the same time defendants signed a conditional sales contract which was in identical form as the initial conditional sales contract which had been executed in March, 1950, save and except that this contract recited that the sum of $3,100 had been paid, which included the sum of $1,500 covered by the note in question, leaving a balance due in the sum of $5,900. After the execution of the note and the making of the conditional sales contract defendants paid an additional $1,500 on the truck. On June 17, 1951, they were in arrears in payments and plaintiff repossessed the truck by taking physical possession of it. The first conditional sales contract executed in March, 1950, provided that "the title to, ownership in, and right of possession of said chattel [the truck] are vested in you [the plaintiff] and your assigns until said indebtedness and all other sums of money payable to you, whether evidenced by note, book account or otherwise * * * shall have been fully paid in money." It further provided "the giving of notes or renewals or extensions thereof, shall not release me or us from the conditions of this agreement." It further provided that in the event of any default in payment "the full amount unpaid hereunder, including any note given, shall become due and payable forthwith."

The conditional sales contract executed on October 7, 1950, likewise provided that title in the truck shall remain in the plaintiff until "said indebtedness and all other sums of money payable to you, whether evidenced by note, book account or otherwise * * * shall have been fully paid in money," and also contained the provision that in the event of default "the full amount unpaid hereunder, including any note given, shall become due and payable forthwith."

Defendants' position is that under the specific provisions of the conditional sales contract, the note given on October 7, 1950, was a part of the indebtedness secured by it; that plaintiff's remedy on the note sued upon was limited to the remedy provided in the conditional sales contract; and that plaintiff may

not sue independently upon the note. We agree with the contention of the defendants that the note sued upon was secured by the conditional sales contract. Had the plaintiff levied an attachment upon other property of the defendants, aside from the truck, we would have been obliged to say under the principles announced in the case of First National Bank of Plains v. Green Mountain Soil Conservation District, 130 Mont. 1, 293 Pac. (2d) 289, that the attachment would have to be dissolved in view of the fact that the note was secured by a lien upon the truck under the conditional sales contract.

This court has held that the giving of a note does not operate to discharge the debt for which it is given. Yale Oil Corp. v. Sedlacek, 99 Mont. 411, 43 Pac. (2d) 887; Evans v. Silver Bow Motor Car Co., 96 Mont. 156, 29 Pac. (2d) 381.

The rule applicable here is stated in 47 Am. Jur., Sales, section 961, page 173, as follows: "* * * where a note represents part of the purchase price, even though given as a down payment, if it is not independent of the conditional sales agreement and the terms of such agreement include the note given as down payment, then a repossession of the property will prevent an enforcement of the note."

In 78 C.J.S., Sales, section 600, pages 349, 353, et seq., the author points out that where a note was not included within the terms of a conditional sales contract there could be a recovery on the note, but went on to say: "Where the note given to take the place of a cash payment was itself a part of the contract of conditional sale, there can be no recovery on the note after a retaking of the property by the seller, because the consideration for the note is destroyed by the retaking of the property."

The same question here involved under practically identical circumstances was presented in the case of Jones-Short Motor Co. v. Bolin, 153 Wash. 198, 206, 279 Pac. 395, 397. The court disposed of the question by saying:

"The note sued upon herein was part of the transaction evidenced by the contract of conditional sale entered into between the parties. This contract expressly states that title to the auto-

mobile covered thereby shall remain in respondent until payment of the purchase price 'and all other sums of money payable to you, whether evidenced by note, book account or otherwise'. It also provides that upon certain contingencies the seller may declare the full unpaid balance, 'including any note given', due and payable forthwith. These portions of the contract are quoted above. The first of the two quotations from the contract, in so far as the same refers to any note, would seem to contemplate the reservation of title to the automobile in respondent as security for all indebtedness due respondent from appellants, whether on account of the purchase price of the automobile or otherwise, but the second of the two quotations refers directly to any note given as part of the purchase price. \* \* \* and respondent, having, before payment of the note, elected to declare the contract forfeited and repossessed the property, cannot now recover judgment against appellants upon the note sued on in this action.

"The fact that the amount of the note is referred to in the contract of conditional sales as cash is immaterial. In fact it was not a cash payment, and the deal was arranged by, and of course was satisfactory to, respondent. In such a case the actual facts may be shown, and the matter will be adjudicated upon the facts not upon fiction."

In the above case it is pointed out that upon default of the purchaser the seller may do one of two things. He may either disaffirm the contract and repossess the property or affirm the contract and sue for the purchase price. But since the two remedies are inconsistent he cannot pursue both. It is our view that the conclusion reached in that case must be the result to be announced here.

Plaintiff relies on the case of Franz v. Hair, 76 Utah 281, 289 Pac. 130, 83 A.L.R. 990, where the court allowed recovery on a note given as part of the down payment on a motor truck. In the Franz case the conditional sales contract did not by its terms provide that the truck shall be held as security for notes or other obligations aside from that specifically named in the con-

ditional sales contract. Here it is plain that the conditional sales contract operated as security for not only the note named in it, but also for other obligations represented by notes or otherwise.

Among other cases considering this question reference should be made to Crute v. La Porte Discount Corp., 89 Ind. App. 573, 167 N.E. 542. That case differs from this in that both the conditional sales contract and the note itself recited that the truck in question should remain the property of the seller until "all notes given" shall have been paid in full. There as here the buyer contended that upon his default, the seller had an election of remedies, "he could disaffirm the contract and repossess the property, or he could affirm the contract and sue for the balance due, but, having disaffirmed and taken possession of the property, the consideration for the note had been destroyed and his right to recover on the note lost." The court upheld this contention. We see no difference between that case and this one where the note as here is in the hands of the original payee and where the conditional sales contract made at the same time as the note, treats the whole as one transaction and makes title of the truck remain in the seller until all obligations are paid.

Another case that should be noted is that of West Virginia Mack Sales Co. v. Brown, 139 W. Va. 667, 81 S.E. (2d) 103, 107. In that case a note was given for part of the down payment. Unlike the case here the conditional sales contract did not reserve title in the seller until all obligations were paid, but only until the specific obligation "set forth in the installment note" was paid.

Plaintiff contends that the answer of the defendant is not ▇ sufficient to justify a resort to the defense that plaintiff is bound by an election of remedies. The answer is sufficient to question the consideration for the note and where as here plaintiff retook the property and rescinded the contract there is then a failure of the consideration for the note sued upon. See Madison River Livestock Co. v. Osler, 39 Mont. 244, 102 Pac. 325, 133

Am. St. Rep. 558, and see to the same effect 78 C.J.S., Sales, section 600, pages 349, 353, et seq.

Here defendants pleaded specifically that the plaintiff repossessed the truck in question. They alleged specifically that the note was "unsupported by any consideration whatsoever." There is thus more than a plea of election of remedies. The answer shows that since plaintiff has retaken possession of the truck the consideration for the note has been destroyed. The facts are thus alleged from which the conclusion follows that plaintiff may not pursue the two remedies. The court erred in entering judgment for plaintiff and in denying defendants' motion for a directed verdict as to the first cause of action. The judgment as to it is reversed and the cause remanded with directions to enter judgment for the defendants.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, BOTTOMLY and ADAIR, concur.