JOHN NOTTI, Plaintiff and Respondent, v. LOUIS CLARK
and EMMA CLARK, Defendants and Appellants.

No. 9545.

Submitted Jan. 14, 1958. Decided Feb. 27, 1958.

322 Pac. (2d) 112.

Ralph J. Anderson and Stanley P. Sorenson, Helena for appellant. Ralph J. Anderson, argued orally.

Edmond G. Toomey and Michael J. Hughes, Helena, for respondent. Michael J. Hughes, argued orally.

THE HONORABLE JOHN B. McCLERNAN, District Judge, sitting in place of MR. JUSTICE BOTTOMLY:

This is an appeal by the defendants from a judgment of the district court of Lewis and Clark County, in an action on a promissory note for $1,000, which judgment was for the full amount of the note with interest from January 1, 1951, plus attorney's fees and court costs.

In 1950 the plaintiff Notti was operating the Bison Bar in Helena while in the process of buying it from Charles and

Antonia Fabatz. On January 1, 1951, arrangements were completed for the purchase of Notti's interest by the defendant, Louis Clark, and one Kenneth Gough. The purchase price was $7,000 to be paid $2,000 down and $5,000 in monthly payments. Gough paid his half of the $2,000 down payment in a manner satisfactory to Notti, and Clark gave Notti his promissory note (the one here sued on) for $1,000 in payment of his half. The execution and delivery of all other necessary legal papers thereupon completed the transaction, the delivery of possession of the premises and stock to Clark and Gough having occurred two weeks previously on December 15, 1950.

Shortly afterwards, March 19, 1951, the business met with disaster in the form of a fifteen-day suspension order by the Montana Liquor Control Board. The evidence is clear that following this event the defendant Clark and Gough were unable or unwilling to continue the enterprise. The plaintiff resumed possession. All legal papers affecting the tavern were signed back to Notti, and defendant Clark and Gough were relieved of the balance of the $5,000 obligation. The evidence is in sharp conflict, with substantial evidence both ways, as to whether or not Notti also agreed to relieve the defendant Clark of his individual obligation on the $1,000 down payment note.

· The appellant Clark has assigned numerous specifications of error, but his main contentions seem to be that Notti's sworn testimony was not worthy of belief, and that the consideration for the promissory note had failed.

In his verified pleadings Notti alleged the stock of goods in the tavern was of the reasonable value of $2,000; in his sworn testimony he valued it at $2,500; and in a bill of sale verified under the Montana bulk sales act, Notti stated, ''The correct sale price: $1,000.00.'' While this circumstance raised a question as to the true value of the stock of goods, we see no such inherent conflict as would warrant a departure from the well-established rule that the credibility of the witnesses and the weight to be given their testimony was for determination by

the court below. Its findings supported as here by substantial evidence will not be disturbed. Ingalls v. Austin, 8 Mont. 333, 20 Pac. 637; Healy v. First National Bank, 108 Mont. 180, 89 Pac. (2d) 555; Wieri v. Anaconda Copper Mining Co., 116 Mont. 524, 156 Pac. (2d) 838; Giarratana v. Naddy, 129 Mont. 154, 160, 284 Pac. (2d) 254.

So, too, in the absence of an equitable showing the buyer who █ abandons his contract may not recover his down payment; there is no failure of consideration. Cook-Reynolds Co. v. Chipman, 47 Mont. 289, 133 Pac. 694; Ellinghouse v. Hansen Packing Co., 66 Mont. 444, 213 Pac. 1087; Franz v. Hair, 76 Utah 281; 289 Pac. 130, 83 A.L.R. 990. See also Herman v. Herman, 123 Mont. 39, 207 Pac. (2d) 1155; Norman v. Meeker, 91 Wash. 534, 158 Pac. 78; Mulcahy v. Gagliardo, 39 Cal. App. 458, 179 Pac. 445.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES, ANGSTMAN and ADAIR, concur.