[Civ. No. 9805.   Third Dist.   May 17, 1960.]

NORMAN ANDERSON et al., Respondents, v. FRANK E. HIATT et al., Appellants.

Kasch & Cook for Appellants.

Daniel S. Carlton for Respondents.

SCHOTTKY, J.—This is an appeal by Frank E. Hiatt, Naoma M. Hiatt and Frank Hiatt Logging Company from a judgment awarding Norman Anderson recovery of $3,226.22 as the principal sum due on a promissory note, plus interest and $400 attorney's fees.

In June, 1956, the Hiatts purchased a log loader known as a Pettibone Cary-Lift from Norman Anderson, doing business as the Shasta Machinery Sales. The total purchase price was $16,742.65 according to the sales invoice. The transaction was financed and the conditional sales contract read in part as follows:

"1. Cash Selling Price ....................$16,714.15
2. Down Payment ......................$ 4,178.54
3. Balance ............................$12,535.61"

The down payment was made by appellants by giving respondents $1,000 in cash and the promissory note of appellants for $3,226.22. The contract was then assigned by respondents to the Thorp Finance Corporation. On March 1, 1957, the appellants gave a note to replace the original note, and it is on this latter note that suit was commenced. The appellants defaulted in their payments on the conditional sales contract and the log loader was repossessed by Anderson on behalf of the assignee. The manufacturer paid off the finance corporation and took the equipment. Suit was then brought by respondents on the promissory note and judgment was entered in their favor.

Appellants contend that when the conditional seller, as in the instant case, repossesses the article sold under the contract he has elected his remedy and may not sue later for the balance due. This is no doubt the general rule based upon the doctrine of election of remedies where the terms of the

contract or other circumstances of the transaction do not indicate otherwise. (*Budget Finance Plan* v. *Sav-On Food Club, Inc.*, 44 Cal.2d 565, 568 [283 P.2d 694].) In the instant case recovery was not sought to secure the balance due under the conditional sales contract, or on a note secured by the conditional sales contract. Recovery was sought on an independent note given as part of the down payment.

The weight of authority is that where title is not retained as security for a note given as down payment the note is a distinct obligation, and where it is a distinct obligation repossession of the article and enforcement of the note are not inconsistent remedies. (See *Oliver, Wheeler, Thomas Co.* v. *Boon*, 224 Ark. 830 [276 S.W.2d 417]; *West Virginia Mack Sales Co.* v. *Brown*, 139 W.Va. 667 [81 S.E.2d 103]; *Franz* v. *Hair*, 76 Utah 281 [289 P. 130, 83 A.L.R. 990].) The rule is well expressed in 78 Corpus Juris Secundum, at page 353, as follows: "Where a note was not included within the conditional terms of the contract, but was given and accepted as the equivalent of cash for a preliminary payment, a recovery may be had thereon, notwithstanding the recaption of the property by the seller; and this is true whether the note was executed by the buyer or by a stranger to the conditional contract. . . ." This rule is not applicable where the conditional sales contract evidences intent that the payment of a note given as a down payment be secured thereby. (*Johnson* v. *Sanderson*, 132 Mont. 451 [318 P.2d 248].) Here the conditional sales contract does not refer to the note and the note does not refer to the conditional sales contract. The note was a separate and distinct obligation, and the trial court properly allowed recovery on the note.

Respondents have asked that attorney's fees be awarded for this appeal. The note provided for reasonable attorney's fees in the event the holder brought suit to enforce the note. The purpose of such a provision in a promissory note "is to indemnify the creditor against the necessity of paying an attorney's fee . . . and to enable him to recover the full amount of his debt without deduction for legal expenses." (*Hahn* v. *Hahn*, 123 Cal.App.2d 97, 103 [226 P.2d 519].) ". . . A contract for a reasonable attorney's fee in enforcing its provisions embraces an allowance for legal services rendered upon appeal as well as during the trial." (*Cirimele* v. *Shinazy*, 134 Cal.App.2d 50, 52 [285 P.2d 311, 52 A.L.R.2d 860].) Accordingly, respondents are entitled to $250 attorney's fees on this appeal.

The judgment is affirmed and appellants are directed to pay respondents the sum of $250 for attorney's fees on this appeal.

Van Dyke, P. J., and Peek, J., concurred.

A petition for a rehearing was denied June 9, 1960, and appellants' petition for a hearing by the Supreme Court was denied July 12, 1960. Peters, J., was of the opinion that the petition should be granted.