W. D. GREMMERT, Plaintiff and Appellant, *v.* GENO MINNIE and DOROTHY MINNIE, Husband and Wife, Defendants and Respondents.

No. 10218
Submitted May 9, 1961. Decided June 14, 1961.
362 P.2d 855

Michael J. Whalen, Billings, argued orally, for appellant. W. S. Mather and Thomas M. Ask, Roundup. Ralph J. Anderson and Stanley P. Sorenson, Helena, for respondents. W. S. Mather and Ralph J. Anderson argued orally.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from a judgment of non-suit and dismissal in favor of the respondents in the district court of the fourteenth judicial district of the State of Montana, in and for the County of Musselshell.

Up to and including October 5, 1943, one Amelia Gremmert of Roundup, Montana, was the owner in fee of the tract of land here in question.

On that day she sold the land to Geno Minnie and Dorothy

Minnie, husband and wife, respondents herein, by a contract for deed. The grantor made this reservation:

"Said first party hereby reserves an undivided six and one-quarter (6¼ percent) of all oil, gas, hydrocarbons and other minerals lying in, under or beneath all of the above-mentioned premises."

Amelia Gremmert died on February 16, 1950, leaving as her sole heir, her husband, the appellant herein.

During the month of October 1959, a producing oil well was brought in on part of the land sold by Amelia Gremmert to the respondents.

The surviving husband, appellant, on April 6, 1960, filed a suit contending that he was entitled to one-half of the land-owners' mineral rights, thus entitling him to receive one-half of the lease rentals together with one-half of the landowner's share in production.

Thus we have a situation of the appellant and his prede-cessor in interest waiting from October 5, 1943, to April 6, 1960, before attempting reformation of the reservation in the deed.

In his first cause of action appellant alleged that the scrive-ner made an inadvertent error in language used in the reser-vation when the contract and deed were drawn by him for the parties thereto, and that the alleged error was not discovered.

In the second cause of action he alleged that the scrivener, in the instruments prepared by him, had reserved to plaintiff's predecessor, the deceased wife, a six and one-fourth percent mineral interest rather than making the reservation one of a fifty percent mineral interest intended and agreed to by the parties, and the appellant asks that such sums as were paid to the respondents be repaid to the appellant as the result of the alleged mistake.

The respondents filed an answer containing denials and five separate defenses as follows:

1. That the action is barred by the provisions of section 93-2607, subd. 4, R.C.M. 1947.

2. That the action is barred by the provisions of section 93-2603, R.C.M. 1947.

3. That the action is barred by the provisions of section 93-2602, R.C.M. 1947.

4. That the action is barred by reason of appellant's laches and negligence.

5. That appellant is barred from maintaining his action by reason of estoppel and the ratification of the oil reservations in question.

The cause was tried on August 29, 1960, before the Honorable Nat Allen, District Judge. At the conclusion of plaintiff's case defense counsel moved the court to enter a nonsuit and a judgment of dismissal upon the grounds and reasons:

(1) that the plaintiff had failed to prove a sufficient case;

(2) that the action was barred by the statute of limitations;

(3) that the plaintiff was guilty of laches and was thereby estopped to seek relief, and (4) that the appellant by his subsequent acts had ratified the instruments in question.

The trial court found, as a matter of law, "that there was no clear, convincing, and satisfactory evidence of fraud or mutual mistake of the parties, or the mistake of one party, which at the time the other party knew or suspected, and further that it affirmatively appeared by the evidence that both of the plaintiff's causes of action were barred by the running of the statute of limitations and, further that plaintiff's evidence was insufficient to support either or both of the said causes of action." From the judgment entered, dated September 1, 1960, appellant appeals.

The entire matter revolves around the actions of the scrivener of the instruments in question, and the inference is that he was responsible for the alleged mistake.

The record shows that the appellant, after he became the owner of the mineral rights, executed an oil and gas lease on

October 15, 1952, and again executed another oil and gas lease on December 24, 1954, another oil and gas lease on September 4, 1957.

Appellant testified that he received delay rentals each year in the amount of $7.50 on one lease and $10 on another, however, if the reservation was as he claimed, appellant should have received a rental of $60 per year on these leases which was one-half of the delay rental.

Appellant also signed a division order in accordance with the lease on January 7, 1960, as it was prepared after being advised by three other attorneys that he should consult with his attorneys if he felt that anything was wrong or irregular regarding the mineral reservation in the deed. This he did not do.

The only scintilla of the alleged intent of Mrs. Gremmert is a self-serving declaration wherein the plaintiff Gremmert testified in response to a question by his counsel:

"A. What was my wife's statement when she came in the house?

"Q. That's the question, yes. A. Well she said, 'I have sold the place and I reserved half; I would have done just the same with the oil man,' she said.

"Q. Did she say she reserved half of the oil? A. Half of the oil rights, she said; half of the oils.

"Q. Mr. Gremmert, do you know whether or not Amelia Gremmert made any such statements to any other person other than yourself? A. Not to my knowledge."

In Spellman v. Rhode, 33 Mont. 21, 26, 81 P. 395, 397, the court in commenting upon declarations that were obviously hearsay used the following language:

"Besides, they were self-serving declarations of intention, which would not have been competent even upon the issue of title. The admission of this evidence was error."

R.C.M. 1947, § 93-401-2, states:

"A witness can testify to those facts only which he knows

of his own knowledge; that is, which are derived from his own perceptions, except in those few express cases in which his opinions or inferences, or the declarations of others, are admissible.''

It is a well and long-established rule in this court that one who offers evidence of the declaration of a person to whom he traces his title to the land must show that it was made while the declarant was holding title; that he was in fact the grantor of the party against whom the declaration was offered; and that the declaration was against interest. Washoe Copper Co. v. Junila, 43 Mont. 178, 115 P. 917; Kurth v. Le Jeune, 83 Mont. 100, 269 P. 408; Wilson v. Davis, 110 Mont. 356, 103 P.2d 149.

Appellant contends the granting of the nonsuit was error. In the case of Le Vasseur v. Roullman, 93 Mont. 552, 559, 20 P.2d 250, 252, this court said:

''In an equity case, such as this, there is, technically, no such a thing as a nonsuit. [Citing case.] Plaintiff submitted his case for decision upon proof which was not sufficient to justify a judgment in his favor. Presumably he offered all the evidence he had. As the case then rested, it presented only a question of law. 'Whether there is substantial evidence in support of plaintiffs' case is always a question of law for the court.' Flynn v. Poindexter & Orr Livestock Co., 63 Mont. 337, 207 P. 341, 348. It was incumbent on the court to decide the case, and there was but one way to decide it, and that was against plaintiff, or not at all. To hold that the court had reached an impasse would involve an absurdity. To the extent that the question is one of law it was decided upon the merits. It followed that plaintiff could take nothing. The order of dismissal was but a procedural direction.''

It is to be observed that all of the matters in the instant case were carefully and comprehensively covered in the case of Voyta v. Clonts, 134 Mont. 156, 328 P.2d 655, 661, in an opinion by Chief Justice Harrison. In the Voyta opinion, the

case of Sullivan v. Marsh, 124 Mont. 415, 425, 225 P.2d 868, was cited, wherein the court said:

" 'The presumption is that the writing contains the final agreement of the parties and expresses their real purpose and intent. To meet and overcome that presumption, plaintiff was required to present clear, convincing, and satisfactory proof.' "

■ The general rule is that to obtain reformation of an instrument the mistake must be mutual. In the case of Humble v. St. John, 72 Mont. 519, 525, 234 P. 475, 477, this court said:

"It cannot be said that the evidence in this case is either clear, convincing or satisfactory, as to the alleged mistake. Much less can it be said that the evidence clearly preponderates against the determination of the trial court. The evidence as to the admission made by plaintiff's wife to witness McDonald is entitled to very little consideration. Evidence of oral admissions are to be viewed with caution. * * * The reason for the rule is more evident in the case of the death of the party alleged to have made the admission."

■ A review of the evidence by this court discloses that the district court was correct in holding that the evidence in this case is devoid of clear, convincing or satisfactory proof as to the alleged mistake. The evidence here is of a negative, hearsay character and is insufficient to overcome the presumption indulged in in favor of written instruments as evidence, and is too conjectural to justify the substitution of hearsay parol evidence to establish the alleged mistake. On the contrary, the evidence clearly demonstrates that the judgment and careful perceptions of the trial court were correct.

The trial court's findings are supported by substantial evidence and as a consequence should not be disturbed. See Notti v. Clark, 133 Mont. 263, 322 P.2d 112, and cases cited therein. For the foregoing reasons, the judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES CASTLES and JOHN C. HARRISON concur.

MR. JUSTICE ADAIR concurring in the result.

I concur in the result, but not in all that is said in the foregoing opinion.