[Civ. No. 32221.   Second Dist., Div. One.   Nov. 8, 1968.]

D. N. & E. WALTER & COMPANY, Plaintiff and Respondent, v. EFFICIENT INVESTMENTS, INC., et al., Defendants and Appellants.

294

James A. Poore for Defendants and Appellants.

Baker, Ancel & Redmond and Gerald T. Manpearl for Plaintiff and Respondent.

FOURT, J.—Defendants appeal from a judgment entered against them for the deficiency balance which remained after plaintiff took possession of and sold in partial satisfaction of defendants' indebtedness, the personal property which constituted the subject matter of a conditional sales contract.

Efficient Investments, Inc., Max Dillman and Joan Dillman, Ira Brummell and Rose Mary Ann Brummell, defendants and appellants (hereinafter sometimes referred to as Efficient Investments) on August 25, 1964, executed as purchasers a written conditional sales contract with Jewel's Interiors. This contract was entered into for the purchase and installation of padding and wall-to-wall carpeting in an apartment building then owned by appellants. Jewel's Interiors subsequently assigned the conditional sales contract to D. N. & E. Walter & Company (hereinafter sometimes referred to as Walter). Thereafter Efficient Investments defaulted in the payments due under the contract and Walter filed the present action for breach of contract declaring the entire unpaid balance due.

After filing this action Walter took possession of the property covered by the conditional sales contract and on April 4, 1966, notified Efficient Investments that the goods would be sold at public sale. The owner of the apartment building at the time of the public sale was Union Bank. Union Bank paid $25,000 for the padding and carpets which were installed on the premises and Walter applied that sum to

appellants' account but continued its action to obtain a judgment for the deficiency.

The trial court awarded judgment to Walter against Efficient Investments in the amount of $31,634.20 which represented the total amount due under the contract including attorney fees, less credit for the $25,000 received at the public sale of the chattels. In so doing the court found that the conditional sales contract governed the rights and liabilities of the parties and the measure of damages. The court further interpreted the contract to entitle Walter to sue for the unpaid balance without suffering any of the disabilities of an election, waiver, or estoppel thereby, and found that in repossessing and selling the chattels and crediting appellants Walter acted properly.

Appellants contend solely that the court incorrectly interpreted and applied paragraph 3 of the contract. Paragraph 3 provides that in case of the purchaser's default ". . . Seller, at its option and without notice to Purchaser, may (a) Declare the whole amount unpaid hereunder immediately due and payable; (b) Sue and obtain judgment against Purchaser for the balance remaining unpaid hereunder, together with court costs and reasonable attorney's fees, but such suit and/or judgment shall not constitute an election, waiver or estoppel by or against Seller, and title and right of possession shall nevertheless remain in Seller until this Agreement or such judgment is paid in full; or (c) Without prior demand, and with or without legal process, Seller may lawfully take immediate possession of said chattels together with all additions, equipment thereon and accessories thereto wherever the same may be found. Within ten (10) days of taking such possession, Seller shall give written notice to Purchaser (i) of his intention to retain chattels in satisfaction of the balance due, or (ii) that said chattels will be sold at public sale. . . ." Appellants claim that because the word "or" appears in the contract between subparagraphs (b) and (c) of paragraph 3, Walter when it took possession of and sold the carpeting became bound by its election of the alternate remedy described by subparagraph (c).

Where the provisions of the conditional sales contract require the seller to rescind in order to take possession and resell the goods, he cannot after rescission and resale continue to sue for any deficiency that may remain but he is bound by his election of remedies. (*James* v. *Allen,* 23 Cal.App.2d 205

[72 P.2d 570].) The principal issue in determining whether a deficiency judgment is properly allowable in a specific case is whether, under the terms of·the written contract, the retaking of the property constitutes such a rescission and election. (*Bagwill* v. *Spence,* 127 Cal.App. 263 [15 P.2d 810] ; *Kreisa* v. *Stoddard,* 127 Cal.App.2d 627. 631-632 [274 P.2d 164].) ''[I]t is not, as . . . [defendants urge], a rule of universal and automatic application under every conditional sale contract that when the seller brings suit for the purchase price he passes title to the buyer and cannot thereafter repossess, and when the seller repossesses he terminates the contract and cannot thereafter sue for the price. The terms of the contract and the other circumstances of the case, not a mechanical rule as to election of remedies, are determinative.'' (*Budget Finance Plan* v. *Sav-On Food Club,* 44 Cal.2d 565, 568 [285 P.2d 694].)

The foregoing· decisions make it clear that a clause in a conditional sales contract which reserves title until the seller is fully paid renders rescission unnecessary in order for the seller to exercise his remedy of repossession and resale.

The contract in the present case clearly reserves title to the seller until payment has been rendered in full. Paragraph 2 provides: ''Commencement of suit or the obtaining of judgment for all or any portion of the unpaid balance due hereunder shall not pass title to said property to Purchaser, title being retained by Seller or Seller's assignee until this Agreement, or a judgment for the unpaid balance due hereunder. and all accrued costs and expenses, are paid in full.'' Paragraph 3 in substance reiterates this position, and the remedies provided the seller in the five subparagraphs constituting paragraph 3 are not mutually exclusive but are, instead. cumulative. Subparagraph (b) specifically states that the seller may sue and obtain judgment for the entire unpaid balance ''. . . but such suit and/or judgment shall not constitute an election, waiver or estoppel by or against Seller, . . .'' The seller may, therefore, take possession and resell the property, either before or after bringing suit, and apply the amount thus obtained to the unpaid balance of the contract price and still obtain a judgment for any remaining deficiency.

The word ''or'' appearing between the two subparagraphs does not render the remedies therein described mutually exclusive. '' 'And there is almost a unanimity of hold-

ing to the effect that the terms "and" and "or" may be construed as interchangeable when necessary to effect the apparent meaning of the parties. [Citations.]' " (*Universal Sales Corp.* v. *California etc. Mfg. Co.*, 20 Cal.2d 751, 775-776 [128 P.2d 665]; see also *Adams* v. *Williams Resorts, Inc.*, 210 Cal.App.2d 456, 461 [26 Cal.Rptr. 656]; *McNeil* v. *Graner*, 91 Cal.App.2d 858, 864 [206 P.2d 38].)

The contract further provides that the seller, in case he is compelled to enforce his legal remedies by litigation, shall be entitled to costs and reasonable attorney's fees. Such a provision entitles respondent to an allowance of costs and fees for legal services rendered upon appeal. (*Anderson* v. *Hiatt*, 181 Cal.App.2d 9, 11 [4 Cal.Rptr. 858].)

The judgment is affirmed, respondent to receive costs and reasonable attorney's fees on appeal.

Wood, P. J., and Lillie, J., concurred.