HUDON, Respondent, *v.* CITY OF BUTTE, Appellant.

(No. 8,088.)

(Submitted November 14, 1940. · Decided November 30, 1940.)

[107 Pac. (2d) 882.]

*Mr. Floyd C. Fluent,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Harlow Tease,* for Respondent, submitted a brief, and argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

The plaintiff in this action sued for damages in the sum of $2,500 alleged to have been suffered on account of a defective drainage system of the city of Butte, by reason of which her basement apartments, consisting of five rooms, were at various times, beginning in April, 1935, and extending over a period of four years, flooded to a greater or less extent, silt and dirt being washed in and upon the floors, causing the flooring to buckle and rendering the basement unfit for living apartments. In addition to the damages sought, an injunction was prayed for to abate the nuisance, and for costs of suit.

Exhibit "A" was incorporated in and made a part of the complaint by reference, such exhibit being a "claim of account" in the sum of $264.15. One hundred twenty dollars of that amount was for six months' rent at $20 per month, a loss alleged to have been suffered on account of the property not being in fit condition for tenants during that period of time. The balance of the account, amounting to $144.15, was for bailing water, carpenter work, lumber, paint and varnish and

various other items comprising an estimate of the costs of repairing the premises. No similar claim for any specific damages was made after the six months' period. It developed in the hearing that none of these expenses were incurred, but were merely estimates in anticipation of making the necessary repairs. The defendant's special and general demurrer was overruled. The answer is a general denial of any liability on the part of the city. The case was tried before the court sitting without a jury. After the hearing, the court made a brief minute entry merely stating that the court finds generally in favor of the plaintiff, fixed her damages at $1,300.45, and entered judgment accordingly. It appears that the proposed findings of fact of the respective parties were mislaid and did not come into the possession of the judge until after the judgment just mentioned was entered; thereafter on motion made to correct findings, findings of fact and conclusions of law were made by the court and judgment entered thereon, and such judgment was substituted in lieu of the former judgment referred to. The substituted judgment did not change the amount of the damages awarded the plaintiff. A motion for a new trial was heard and denied. The appeal is from the judgment.

Twenty-four specifications of error were assigned, but in our opinion the only material question to be determined here is as to whether or not the evidence sustains the trial court in the amount of damages awarded. Plaintiff's motion to dismiss the appeal on the ground that it is in conflict with section 3 of Rule 7 of this court by reason of the fact that the testimony as set out in the transcript is not in question and answer form, is denied. Application of that rule, as contended for by the plaintiff, applies in equitable actions only. After application for injunctive relief was abandoned, the action became purely one of law.

The court's first finding was to the effect that the defendant admitted liability in some amount, and further found that defendant was liable to pay to the plaintiff damages sustained by reason of the negligent and improper construction and maintenance of the storm sewer referred to in the pleadings.

Finding No. 3 is as follows: "Repeated complaints were made by the plaintiff to the defendant, and repairs and attempted repairs were made by defendant, all of which failed, over said period of four years, to prevent said storm sewer from discharging water upon and damaging plaintiff's premises."

The burden of defendant's argument is directed to this finding. We think the finding is clearly sustained by the evidence, but it is our opinion that the court's conclusions are not in full accord with the evidence. The evidence tends to show that there was damage to the building by reason of the buckling of the floor, other similar consequences from flood waters and possible injury to the foundation of the building. The building was of brick and consisted of two stories and basement. The court's finding No. 6 appears to base the damages awarded entirely on the ground that plaintiff's premises were rendered unfit for tenants and the full amount of the damages was the amount of the rental loss. Finding No. 6 is as follows: "The court finds the reasonable rental value of the plaintiff's premises so rendered untenable during four years from April 21, 1935, until April 21, 1939, was $1,300.45."

Nothing was said in the court's findings about any damages to the building. On the other hand, defendant submitted proposed findings of fact and conclusions of law, the first conclusion of law being as follows: "As conclusions of law from the above and foregoing findings of fact the court finds that the plaintiff is entitled to the sum of One Hundred Forty-four and 15-100 ($144.15) Dollars and that the rental value of said property was not impaired."

We think the defendant must be held for these admitted damages to the building, such damages being sustained by the evidence. It may be that the court had the damages to the building in mind in fixing the total award but, if so, finding No. 6 should be revised and the decree made in harmony with such revision. It is quite obvious that the defendant arrived at these admitted damages to the building by deducting the rent item from plaintiff's Exhibit "A," thereby leaving in that exhibit the items plaintiff submitted as an estimate of what it would cost to

repair the damaged premises. Hence we have an admission on the part of defendant that the premises were damaged to the extent of $144.15, but defendant contends that the rental value of the property was not impaired.

In a case such as this the trial court is the finder of the facts. (*Stauffacher* v. *Great Falls Public Service Co.*, 99 Mont. 324, 332, 43 Pac. (2d) 647, and cases cited.) Unless such findings are clearly contrary to the evidence, this court on review is bound thereby. But the facts being established, the amount of damages then becomes a question of law. Such being the situation, the only question to be determined by this court is whether or not the evidence justifies the amount of the award.

The plaintiff testified that one Hart had both apartments under rent for six months prior to the flood at $14 a month. She explained that Hart had some relatives for whom he desired furnished rooms but that both Hart and the relatives were hard up and she let him have the entire five basement rooms for the price stated, and she further testified that the two-room apartment, the one that suffered the greatest damage, had not been rented since February, 1932, or a period of three years prior to the first flood complained about which occurred in April, 1935. The witness Gus Wengel, by his testimony, showed a knowledge of rental values of buildings in the vicinity of plaintiff's premises and likewise knowledge of business conditions in Butte from 1932 to 1934, which he described as bad and how such conditions naturally affected the demand for such apartments' as plaintiff's, and the improvement in conditions and also in the demand for living apartments in 1935 and subsequent years. We think this testimony relieves the adverse effect of the testimony of the plaintiff wherein she testified one apartment had been vacant for three years just prior to the flooding of her building in 1935. In plaintiff's Exhibit ''A,'' heretofore referred to, she listed in her claim against the defendant an item for six months' rent at $20 a month. It appears that this amount was plaintiff's estimate of her loss for six months just prior to the date of filing that claim.

Other witnesses testified to the approximate rental value of the two apartments, but we think that this statement of the plaintiff, who was the owner of the building and who attended to the renting of the apartments and the collecting of income, is the best evidence on the question of the loss sustained during the four-year period the court found the premises were vacant due to the negligence of the defendant's adjacent defective drainage system.

There is substantial evidence in the record to justify the trial court's conclusion that the property had been vacant for approximately four years due to flood waters flowing or seeping into the apartments by reason of the defendant's negligence and its abortive attempts to remedy the cause of such flooding, and with that conclusion we will not interfere. We are unable, however, to find any substantial reasons for allowing plaintiff damages for loss of rentals for any amount in excess of $20 per month, or the total sum on this account of $960. To this amount there should be added defendant's admitted damage to the building of $144.15. These two items would fix plaintiff's total damages at $1,104.15, and the evidence justifies no more.

The cause is remanded to the district court with instructions to revise its findings in accordance with this opinion and enter judgment for plaintiff in the amount specified. Each party will pay his own costs.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ERICKSON and ARNOLD concur.