Thomas H. **STEPHENSON**, Special Administrator of the Estate of George P. Stephenson, Deceased, Plaintiff,

v.

**MILLERS MUTUAL FIRE INSURANCE COMPANY**, a Texas corporation, Defendant.

Civ. No. 4520.

United States District Court
D. Arizona.

Dec. 15, 1964.

Robert G. Begam, Phoenix, Ariz., for plaintiff.

Robert G. Beshears, O'Connor, Anderson, Westover, Killingsworth & Beshears, Phoenix, Ariz., for defendant.

Harry Schoolitz, Jr., Asst. Atty. Gen., State of Arizona, for D. Jack Hastings, Financial Responsibility Section, Arizona Highway Department.

MUECKE, District Judge.

This is a suit based on a judgment obtained in the state courts by the plaintiff

herein against one Bernard Maxwell for damages arising out of an automobile accident.

Bernard Maxwell paid nothing on the judgment. Plaintiff herein now seeks to recover the judgment amount from an insurance company which plaintiff claims was Bernard Maxwell's insurer at the time of the accident which gave rise to the judgment.

The insurance company, defendant in this suit, denies it was Maxwell's insurer at the time of the accident.

In an attempt to establish whether or not coverage existed, plaintiff herein, by means of deposition, seeks to elicit certain facts from D. J. Hastings, Director of the Financial Responsibility Section of the Arizona State Highway Department.

The Financial Responsibility Act of Arizona has the usual provisions of such acts, and requires a person involved in an accident to make a report of the facts of the accident together with a statement naming his insurance company if he has one. If he is not insured then he must deposit security in a sum which is sufficient in the judgment of the Superintendent of Motor Vehicles to satisfy any judgment for damages as may be recovered against him. (A.R.S. § 28–1142 [1956]).

If the person making an accident report names an insurance company as his insurer then the following statute applies:

"§ 28–1142. * * *

"D. Upon receipt of notice of the accident, the insurance company or surety company which issued the policy or bond shall furnish for filing with the superintendent a written notice that the policy or bond was not in effect at the time of the accident, if such was the case. If no such notice is received, the policy or bond shall be deemed to be in effect for the purposes of this chapter."

The plaintiff in this suit, therefore, sought to find out by deposition whether or not Mr. Hastings had notified any insurance company of the accident, and if so, whether or not the insurance company had or had not replied, all under the provisions of § 28–1142, subd. D above.

Mr. Hastings, on advice of his counsel, an Assistant Attorney General of the State of Arizona, declined to reveal any such information sought by plaintiff. The basis stated for this refusal was a privilege claimed under A.R.S. § 28–673 (1956), which provides that:

"*Accident reports confidential*

"All accident reports made by persons involved in accidents or by garages shall be without prejudice to the individual so reporting and shall be for the confidential use of the department or other state agencies having use for the records for accident prevention purposes, or for the administration of the laws of this state relating to the deposit of security and proof of financial responsibility by persons driving or the owners of motor vehicles, except that the department may disclose the identity of a person involved in an accident when his identity is not otherwise known or when the person denies his presence at the accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirement that a report be made to the department."

Plaintiff now moves the Court for an order compelling D. J. Hastings to divulge the desired information.

The issue presented is whether the information sought is protected from dis-

closure by A.R.S. § 28–673 (1956) or by any other statute.

■ It is clear from a reading of A.R.S. § 28–673 (1956) that the accident report required to be made by the person involved in the accident is confidential, without prejudice to the individual so reporting, and cannot be used as evidence in any trial arising out of the accident. The State has a justifiable interest in encouraging the individual reporting to make a truthful, accurate, and complete report without fear of the report subsequently being used against him in a lawsuit. Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 61 N.W.2d 696 (1953).

Neither the parties to this motion, nor independent investigation of the court, has uncovered any reported case involving the precise issue raised by this motion. Therefore, the Court must look to the wording of the particular statutes involved in order to discover from them the underlying purpose of the legislature and to construe them in a manner consistent both with their letter and spirit. A close examination of A.R.S. § 28–673 (1956) reveals that its language confines the scope of the enactment to "accident reports made by persons involved in accidents or by garages * * *". Nowhere does the statute bring within its protection disclosure of the name of the insurance company and the action the company took with respect to stating whether or not a policy was in effect at the time of the accident.

■ The existence and extent of the privilege accorded is usually expressed or at least implied by the language of the enactment. Accordingly, the words of the particular statute must be very closely examined with awareness that there is a reluctance to extend the privilege beyond the express legislative mandate. 8 Wigmore, Evidence § 2377 (1961).

■ A statute is strictly construed when the letter of the statute is narrowed to exclude matters, which if included would defeat the policy of the enactment. 3 Sutherland, Statutory Construction § 5505 (3rd Ed.1943).

■ Applying these principles of construction to A.R.S. § 28–673 (1956), this Court refuses to extend the privilege beyond the limits set by the legislature. Carroll v. Beavers, 126 Cal.App.2d 828, 273 P.2d 56, 59 A.L.R.2d 263 (1954). Action taken by the insurance company is not covered by the language of the statute, and therefore no privilege protects disclosure of the written notice given or not given by the company.

Furthermore, an examination of a more pertinent statute, A.R.S. § 28–1148 (1956) [1], reveals that its language cloaks only the "security" required by A.R.S. § 28–1142 (1956) with protection, and is silent as to notice of the accident sent to the company and is silent as to any action on the part of the insurance company.

■ Clearly, therefore, action taken by an insurance company is not confidential. However, it might be argued that since the name of the company is written in the report filed by the individual involved in the accident, the name of the company would be protected from disclosure. It is the practice of the superintendent, acting through the director and employees of the Financial Responsibility Section, to provide the notice of the accident to the insurance company. This practice creates an exception to A.R.S. § 28–673 (1956) because such notice to the insurance company constitutes action independent of the report made by the person involved in the accident. Since A.R.S. § 28–1148 (1956) specifically protects from disclosure only the security required by A.R.S. § 28–

---

1. "§ 28–1148. Matters not to be evidence in civil suits

"Neither the report required by § 28–1141, the action taken by the superintendent pursuant to §§ 28–1141 through 28–1147, the findings, if any, of the superintendent upon which action is based, nor the security filed as provided in §§ 28–1142 through 28–1147, shall be referred to in any way, or be evidence of the negligence or due care of either party, at the trial of an action at law to recover damages."

1142 (1956), but is silent as to the notice furnished to the insurance company by the department, even though it is a part of the report made by the person involved in the accident, such notice is deemed by the Court not to be confidential.

No specific Arizona statute directs the superintendent to send notice of the accident to the insurance company. Consequently such notification, as is done in practice, by the superintendent is not an action taken by the superintendent pursuant to A.R.S. §§ 28–1141 to 28–1147 (1956). Therefore, this practice of the superintendent in notifying the insurance company of an accident is not action called for by the statutes in question, and thus is not made confidential by A.R.S. § 28–1148 (1956). Nothing will be included within the operation of a statute which does not clearly come within the scope of its language. The Court refuses to extend the ambit of a statute by implication or inference, but rather will confine its operation to action clearly within its letter and spirit. This construction is consistent with the purpose of the Financial Responsibility Act.

The purpose of the Financial Responsibility Act is to provide some money either by insurance or security or bond to protect individuals injured in vehicular accidents. Schecter v. Killingsworth, 93 Ariz. 273, 380 P.2d 136, 140 (1963). If the action taken by the department and by the insurance company pursuant to A.R.S. § 28–1142 (1956) is kept confidential when the legislature has not so provided, then the spirit of the Financial Responsibility Law would be subverted. No protection could be afforded an accident victim if he cannot discover the name of the insurance company and whether or not they denied coverage.

The plaintiff's position, assuming the defendant insurance company failed to deny coverage, is that the defendant is estopped from asserting lack of coverage as a defense. Plaintiff reasons that by failure of an insurance company to deny coverage the insured is relieved of the necessity of filing a bond in order to avoid suspension of his driver's license and impliedly represents to his victim that a fund is available out of which the insured could respond in damages. Thus, the plaintiff argues, that by relying on such a misrepresentation that policy coverage exists, if this be the case, he cannot now be defeated by a denial of coverage. The Court, however, does not rule on this issue, since it is not presented by the motion before the Court.

Plaintiff's further argument that the insured who filed the accident report and against whom the judgment exists can waive the privilege, as was done in this case, is not persuasive on the Court, and such waiver does not affect the decision reached in this case.

The motion for an order compelling D. J. Hastings, as Director of the Financial Responsibility Section of the Arizona Highway Department, to answer certain questions of the plaintiff herein is granted and specifically it is ordered that:

1. Questions of the plaintiff be answered and records be provided to him by the said Director of notice—if any—given to an insurance company, the date and the manner of such notice, the identity of the company to which such notice was given, the identity of the individual by whom such notice was given, and the reply by such insurance company—if any.

2. Nothing herein is to be construed as an order compelling the said Director to turn over to the plaintiff any of the contents of the accident report concerning the details of the accident here involved except as provided by A.R.S. § 28–673.