413 P.2d 767

Dewey Jack **HASTINGS**, Supervisor, Financial Responsibility Branch of Motor Vehicle Division, Arizona State Highway Department, Petitioner,

v.

Edwin **THURSTON**, Judge, Maricopa County Superior Court, Respondent.

No. 8710.

Supreme Court of Arizona.

En Banc.

April 21, 1966.

Darrell F. Smith, Atty. Gen., Peter C. Gulatto, Asst. Atty. Gen., for petitioner.

Beer & Kalyna, by Olgerd W. Kalyna, Phoenix, for respondent and real parties in interest.

Samuel Langerman, Phoenix, for American Trial Lawyers Ass'n, amicus curiae.

UDALL, Justice.

This matter came before us by a petition for writ of prohibition or in the alternative for a writ of certiorari by Dewey Jack Hastings, Supervisor, Financial Responsibility Branch, Motor Vehicle Division, Arizona State Highway Department, hereinafter referred to as petitioner. The petition sought to restrain or prohibit the respondent, Honorable Edwin Thurston,

Judge of the Superior Court of Maricopa County, from enforcing an order directing the petitioner to answer certain questions by counsel for the real parties in interest during a deposition and to further review the respondent's order directing petitioner to pay the sum of $300 for attorneys' fees and costs incurred in connection with petitioner's refusal to answer questions at the deposition. After a hearing, we issued an alternative, writ of certiorari. Article 6, § 5, Constitution of Arizona, (1960), A.R.S.

The facts upon which the writ was issued are: On May 25, 1965, Farmers Insurance Exchange filed a complaint for declaratory judgment alleging it had issued an automobile insurance policy to one William Deason and that the insured was involved in an automobile collision which resulted in an action to recover damages against the insured by Kinza O. Perry and George E. Robertson (the real parties in interest here). The complaint sought to have the Superior Court declare that Farmers' policy did not extend to this accident. Perry and Robertson, as defendants in this action, filed an answer and counterclaim, wherein they alleged the insurer is estopped to deny coverage because it failed to notify the Superintendent of the Motor Vehicle Division of this fact in accordance with A.R.S. § 28–1142, subsec. D.

On June 7, 1965, Perry and Robertson caused a subpoena duces tecum to be issued commanding petitioner to appear for the taking of his deposition and to bring with him and produce all records kept in the regular course of business regarding the collision between Robertson and Deason on October 27, 1964. Petitioner appeared at the designated time and place with the designated records in his possession, but on advice of counsel declined to produce the records because the records were confidential. Petitioner disclosed the identity of the persons involved in the accident and the fact that a report had been made, but refused to disclose the insurance information contained in the accident report, any action taken in notifying a named insurance company and the denial of coverage, if any, by the insurance company.

Upon petition by the real parties in interest, the respondent court ordered petitioner to appear and show cause why he should not be compelled to answer questions propounded to him at the deposition regarding the file and records in his possession and why he should not pay a reasonable sum as attorney's fees and costs. After a hearing, the respondent found the questions propounded were relevant and material and further that the answers to the propounded questions did not involve confidential information under the Arizona statutes pertaining to financial responsibility reports. Petitioner was, also, ordered to pay attorneys' fees and costs in the sum of $300 for refusal to answer questions at the deposition.

**306**

Petitioner contends that compliance with respondent's order would result in releasing confidential information, and interfere with enforcement of the financial responsibility statutes, and deny him of individual property without due process of law in violation of Art. 2, §§ 4, 8 and 13, Constitution of the State of Arizona, and the 14th Amendment of the Constitution of the United States.

■■■ This Court has determined the existence of insurance, the identity of the carrier, the type of coverage and the policy limits are not proper subjects for discovery in the ordinary civil action. Tom Reed Gold Mines Co. v. Morrison, 26 Ariz. 281, 224 P. 822; Di Pietruntonio v. Superior Court, 84 Ariz. 291, 327 P.2d 746.

We have also stated:

"The Financial Responsibility Act has for its principal purpose the protection of the public using the highways from financial hardship which may result from the use of automobiles by financially irresponsible persons." Schecter v. Killingsworth, 93 Ariz. 273, 280, 380 P.2d 136, 140.

When a motor vehicle accident occurs in Arizona which results in bodily injury to or death of any person, or property damage of $100 or more, the driver involved must report the facts together with a statement naming his insurance company if he has one. A.R.S. §§ 28–667 through 28–669. An uninsured motorist must deposit security in a sum sufficient in the judgment of the Superintendent of Motor Vehicles to satisfy any judgment or judgments for damages resulting from the accident as may be recovered against him. A.R.S. § 28–1142, as amended.

Where the accident report names an insurance company or surety company the following statute applies:

"28–1142 * * *

"D. Upon receipt of notice of the accident, the insurance company or surety company which issued the policy or bond shall furnish for filing with the superintendent a written notice that the policy or bond was not in effect at the time of the accident, if such was the case. If no such notice is received, the policy or bond shall be deemed to be in effect for the purposes of this chapter."

The real parties in interest by deposition sought to discover whether petitioner notified any insurance company of the accident, and, if so, whether the insurance company replied pursuant to A.R.S. § 28–1142, subsec. D above.

Petitioner's refusal to reveal this information was based upon a privilege claimed under A.R.S. § 28–673 which provides:

"All accident reports made by persons involved in accidents or by garages shall be without prejudice to the individual so reporting and shall be for the confidential

use of the department or other state agencies having use for the records for accident prevention purposes, or for the administration of the laws of this state relating to the deposit of security and proof of financial responsibility by persons driving or the owners of motor vehicles, except that the department may disclose the identity of a person involved in an accident when his identity is not otherwise known or when the person denies his presence at the accident. No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident, except that the department shall furnish upon demand of any person who has, or claims to have, made such a report or upon demand of any court, a certificate showing that a specified accident report has or has not been made to the department solely to prove a compliance or a failure to comply with the requirement that a report be made to the department."

The issue thus raised by the petitioner is whether the information sought is protected from disclosure by A.R.S. § 28–673 or by any other statute.

■ An examination of A.R.S. § 28–673 indicates that the accident report required to be made by the person involved in the accident is confidential, without prejudice to the individual so reporting, and cannot be used as evidence in any trial arising out of the accident. The reason for this privilege is that the state has an interest in encouraging the individual reporting to make a truthful, accurate, and complete report without fear that the report may be used against him in a lawsuit. Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 61 N.W.2d 696.

Very few courts have dealt with the precise issue raised by the parties in this matter. A similar question, however, was decided in Stephenson v. Millers Mutual Fire Ins. Co., 236 F.Supp. 420 (1964) where the United States District Court for the District of Arizona held that the director of the financial responsibility section of the Arizona Highway Department must provide a party injured in an automobile accident with records of notice, if any, given to an insurance company, date and manner of notice, identity of the company to which notice was given, the identity of the individual by whom such notice was given, and the reply, if any, by the insurance company. The federal court looked to the wording of the particular statutes involved in an attempt to discover the underlying purpose of the legislature. The facts of the *Stephenson* case are dissimilar, only in that in the former there was a judgment while in the case at bar, no judgment has been rendered against a party to the accident.

Most states have statutes requiring reports of traffic accidents and it is uniformly provided that the reports shall be inadmissible in evidence. There has been a judicial reluctance to extend the privilege

beyond the express legislative mandate in this area of law. 8 Wigmore, Evidence § 2377 (McNaughton rev. 1961). An examination of the expressed statutory language of A.R.S. § 28–673 does not seem to suggest an intent to extend the privilege to the action taken by the insurance company.

■ The scope of A.R.S. § 28–673, as indicated by its language, applies to "accident reports made by persons involved in accidents or by garages * * *." Nowhere does the statute bring within its protection disclosure of the name of the insurance company by petitioner and the action the insurer took with respect to whether a policy was in effect at the time of the accident. Statutes are interpreted in light of their purpose if such purpose can be determined. Ryan v. Thomas, 47 Ariz. 91, 53 P.2d 863. The purpose of A.R.S. § 28–673 as mentioned before is to encourage truthful and complete reports without fear that the report might be used against him in a lawsuit. It is not the purpose of the statute that the privilege extend to an insurer when the issue involved is policy coverage and one question is whether the insurance company properly denied coverage under the policy. Therefore, we refuse to extend the privilege beyond the wording of A.R.S. § 28–673, and hold that the action taken by the insurance company is not covered by this statute. The privilege does not extend to disclosure of the written notice given or not given by the company.

Petitioner urges that since the name of the company is written in the report filed by the individual involved in the accident, the name of the insurer is protected from disclosure. As we understand the procedure, at the bottom of the accident report is a form which may be torn off the accident report and sent to the insurance company, if applicable. On this form, the person involved in an accident states whether he has insurance and, if so, the name of the company. If the insurance company wishes to deny coverage, it returns this portion of the accident report to the department.

A cursory examination of this procedure would appear to require a holding that since the detachable form is part of the accident report, the information contained in the form is within the scope of the privilege. When the legislative history and purpose of A.R.S. §§ 28–673 and 28–1142, subsec. D are considered, it is evident that information contained on the form was not intended to be considered confidential where the insurer fails to return the notice when it wishes to deny coverage under the policy.

A.R.S. § 28–673 is a part of Chapter 6 of Title 28 and was originally passed as § 50, Ch. 3, Laws, 1950, 1st Special Session. This chapter is the Uniform Act Regulating Traffic on Highways.

A.R.S. § 28–1142, subsec. D was originally passed as § 5, Ch. 122, Laws, 1951, and is a part of the Uniform Motor Safety Re-

sponsibility Act. As originally passed, this section read:

"Upon receipt of notice of such accident, the insurance company or surety company which issued such policy or bond shall furnish for filing with the superintendent a written notice that such policy or bond was in effect at the time of such accident."

Thus, as first passed, an insurance company was required to print and file a special form (known as SR–21) with the Highway Department. The department, upon receipt of this form, would place the form in its file on the accident. This method is referred to in the industry as the "positive" system. Under the present procedure, the insurer need return only the notice to the department if it wishes to deny coverage. This method is referred to as the "negative" system. The change in the method of notice was for the mutual benefit of both the insurance companies and the Highway Department. Under the present system, action need be taken by the company only in the rare case where coverage is denied. The Highway Department's employees need handle only the forms that are returned by the insurance companies.

■ It is obvious that the information contained in the SR–21 form under the original statute would not be subject to A.R.S. § 28–673, as it was a separate document not attached to the accident report.

A.R.S. § 28–1142 was amended for administrative purposes for both insurance companies and the Highway Department and not to bring the notice within the privilege extended by A.R.S. § 28–673. As such, the returned notice cannot be confidential.

■ Petitioner suggests, that if the notice to the insurer does not come within the privilege established by A.R.S. § 28–673, such notice comes within the ambit of A.R.S. § 28–1148. This latter statute states:

"§ 28–1148. Matters not to be evidence in civil suits.

Neither the report required by § 28–1141, the action taken by the superintendent pursuant to §§ 28–1141 through 28–1147, the findings, if any, of the superintendent upon which action is based, nor the security filed as provided in §§ 28–1142 through 28–1147, shall be referred to in any way, or be evidence of the negligence or due care of either party, at the trial of an action at law to recover damages."

We do not believe this statute is applicable to the present case which is not seeking to recover damages, but, rather, is a declaratory judgment seeking to determine the extent of coverage of a policy issued by Farmers Insurance Exchange.

The insurance company voluntarily placed the issue of coverage of the policy before the judiciary of this state, and by doing so, opened the question of its compli-

ance with A.R.S. § 28–1142, subsec. D. The scope of A.R.S. § 28–1148 merely prohibits the use of information supplied to the department in an action at law, for recovery of damages, bearing on negligence or due care of either party. This is clearly not the issue in the present case, and where an insurance company seeks declaratory relief as to coverage of a policy, and one of the defenses is failure to comply with A.R.S. § 28–1142, subsec. D on the part of the insurer, the notice given to an insurance company as well as time and manner of notice, the identity of the company and individual by whom such notice was given, and the reply, if any, by such insurance company is relevant and material to the action and discoverable pursuant to our Rules of Civil Procedure.

We are here dealing with the very limited question where an insurance company seeks a declaratory judgment and not an ordinary personal injury action. Nothing herein is to be construed as an order compelling petitioner to turn over or disclose any of the contents of the accident report concerning the details of an accident except as provided by A.R.S. § 28–673. Likewise this decision has no application to the ordinary trial for damages, which would allow the injecting of the irrelevant issue of insurance into such cases. See, e. g., Muehleback v. Mercer Mortuary and Chapel, Inc., 93 Ariz. 60, 378 P.2d 741.

In addition, this decision should not be interpreted to permit discovery of the type of coverage or policy limits in this type of action as well as the ordinary civil action. We are holding that where an insurance company brings a declaratory judgment action in this state seeking to determine coverage of a policy, and a party seeks to discover from the Director of Financial Responsibility Section whether the insurer has complied with A.R.S. § 28–1142, subsec. D, such information is subject to disclosure as it is not privileged.

As a result of the hearing of the Order to Show Cause to Compel Answers, respondent found petitioner's refusal "to answer questions as propounded were without just cause and contumacious in character." Petitioner submits that this finding was unwarranted in light of the fact that the refusal to answer was at the direction of counsel who was present at the taking of the deposition.

Rule 37, Rules of Civil Procedure, 16 A.R.S., contemplates two steps where a party or deponent refuses to answer questions propounded upon oral examination. They are: (1) an order to answer the question, including the payment of reasonable expenses incurred in obtaining the order, including reasonable attorney's fees, as may be incurred by a party in securing the order, if the order is made, as provided by Rule 37(a); and (2) the invoking of the

consequences of contempt, upon refusal to obey the order, as provided in Rule 37(b), par. 1.

The posture of the present case is short of contempt as there was merely an imposition of attorney fees and costs as provided by Rule 37(a), Rules of Civil Procedure. Thus, we confine the disposition of this issue to whether petitioner's refusals to answer questions were without just cause.

■ The solution of the notice problem, as shown by the previous discussion, is not without questions. The issue is close and does not come within any fixed, definite solution. We do not believe petitioner's failure to answer the questions propounded can be classified without just cause.

Petitioner is a public administrator whose duties involve the enforcement of the Financial Responsibility Act of the State of Arizona. This position demands a reliance on legal counsel when legal determinations and interpretations arise. Throughout the taking of the deposition, petitioner relied on legal counsel appointed to make legal determination for him.

Petitioner's conduct did not demonstrate a complete disregard for the law of this state, but simply interpreted the statutes on financial responsibility differently than others. This Court had never spoken on the issues regarding this particular aspect of accident reports and subsequent notice to an insurer. There is nothing to indicate that petitioner did not act in good faith and endeavor to carry out the legislative mandate as construed by his legally appointed counsel. Under the facts and circumstances of this case it cannot be said that such conduct was without just cause. Cf. Grimmett v. Atchison, T. & S. F. Ry. Co., 11 F.R.D. 335 (D.C.Ohio, 1951).

The alternative writ of certiorari heretofore granted in this matter is quashed, with the exception that the trial court is ordered to vacate that portion of its order pertaining to payment of costs and attorney fees pursuant to Rule 37(a), Rules of Civil Procedure.

STRUCKMEYER, C. J., BERNSTEIN, V. C. J., and McFARLAND, J., concur.

NOTE: Justice LORNA E. LOCKWOOD did not participate in the determination of this appeal.