ROBERT MORRISON, Plaintiff and Respondent, *v.* CITY
OF BUTTE, Montana, a Municipal Corporation, and
STANLEY DUGDALE, Defendants and Appellants.

No. 11121.
Submitted June 20, 1967. Decided August 15, 1967.
431 P.2d 79.

J. B. C. Knight and Wade Dahood (argued), Anaconda, William N. Geagan (appeared), Butte, for appellants.

Holland & Holland, David Holland (argued), William B. Freebourn (appeared), Butte, for respondent.

MR. JUSTICE JOHN C. HARRISON delivered the Opinion of the Court.

This is an appeal from a judgment entered on the 9th day of November, 1965, for the plaintiff in the District Court of Silver Bow County. The case was tried before Judge Victor H. Fall sitting without a jury.

Early in the evening of April 15, 1963, the defendant Stanley Dugdale, an employee of defendant City of Butte, hereinafter called the City, was called out by his foreman to drive a motor patrol to remove snow from Utah and Arizona Streets inside the City. Utah Street is actually a continuation of Arizona Street and the area over which he was working constitutes one street. No warning devices or flagmen were placed to give warning of this snow removal operation. Approximately one-half of the time Mr. Dugdale operated his grader on the left side of the street into the on-coming traffic.

At about 10:30 p. m. that night the plaintiff, driving his 1955 Buick automobile, turned onto Arizona Street and proceeded in a southerly direction down a slight incline. He reached the intersection of Utah and Iron Streets, passed through it and across the tracks of the Butte, Anaconda & Pacific Railway. When he was about forty feet south of the railway tracks he collided "head-on" with defendant's motor grader which was being operated on the left-hand side of the street against oncoming traffic. As a result of the collision the plaintiff sustained the injuries for which he seeks to recover here.

The motor grader was bright yellow in color. It was lighted by a total of five lights. Facing forward were two lights located at the front of the cab, which were ten feet up from the roadway. Also facing forward was a "mold board light" mounted in front of the cab, near the bottom, and focused on the blade of the machine. All of these lights were white. In addition to these there were two red tail lamps mounted on the rear of the machine—these could not be seen from the front. There was no beehive type revolving light, or mars light, mounted on the machine.

The scene of the accident was well lighted. In addition to the regular electric arc street lights, one of which was on the same side of the street and just a few feet away from the scene of the accident, there were incandescent floodlights on the northwest and southeast corners of the intersection of Utah and Iron Streets. These floodlights were for the purpose of illuminating the railroad crossing.

From the record it appears that it was snowing slightly at the time of the accident. The plaintiff testified at trial that lighted objects could be seen at one hundred feet and distinguished at fifty feet. Other witnesses on behalf of both the plaintiff and defendant testified that visibility was not seriously impaired by the slight snow fall.

Plaintiff says that he was proceeding south down the hill on Utah Street at a speed of between fifteen and eighteen miles per hour. He states that he did not see the grader until he was close upon it. When he did see it, it was too late to avoid the collision. Two witnesses who had come upon the grader earlier in the evening testified that it was difficult to see, as its headlights, being mounted so far above the road, were easily confused with the overhead street lights as they blended with them when they were driving towards the grader. The "mold board light" could not be seen from the front of the machine as it was behind the blade.

Defendant, Mr. Dugdale, testified that while he was pro-

ceeding uphill in a northerly direction on Utah Street he saw the car of the plaintiff come onto the street about one and one-half blocks away, fishtail somewhat on the slippery pavement, and come toward him. He states that when the car was approximately 375 feet away he started to flash his lights and to raise the blade on the grader with the idea of backing out of the path of the oncoming car. He said that the grader was stopped and the blade was raised when the impact occurred. He estimated that the plaintiff was going from forty to forty-five miles per hour.

Charles Bolton, who was approaching the grader from the rear at the time of the accident, testified that visibility was good and that the plaintiff's car was going considerably faster than fifteen to twenty miles per hour. His passenger estimated the speed of the plaintiff's car to be between thirty and thirty-five miles per hour. These are the only truly impartial estimates of the speed of the plaintiff's car at the time of the accident.

Witnesses for the defendant testified that after the accident the plaintiff made statements that he was drunk, that he smelled of alcohol and appeared to have been drinking. However, the treating physician testified that any statements made by the plaintiff after the accident were unreliable due to his injuries. Plaintiff was able to produce witnesses who had been with him on the day and evening of the accident. They testified that he was sober when he was with them.

Defendant contends that plaintiff was negligent as a matter of law in not seeing the motor grader as it was in plain sight and that such negligence was the sole proximate cause of the accident. In support of this he cites Boepple v. Mohalt, 101 Mont. 417, 54 P.2d 857. In this case the plaintiff was held to be the sole proximate cause of a collision between the car he was driving and a motor patrol owned by the state which was being operated on the wrong side of the road. The court there said, quoting from Johnson v. Herring, 89 Mont. 156, 295

P. 1100, " 'The duty to keep a lookout implies the duty to see what is in plain view * * *.' " However, in that case the accident occurred in broad daylight and it was proved that the view was in no way obstructed; that the road grader was indeed in "plain sight." Here the situation was different. At the time of this accident it was snowing and it was dark. Artificial light was required to make the grader visible. The only lights that could be seen by the plaintiff on the grader were white and mounted ten feet up from the roadway. It appeared from the testimony of two witnesses that the lights of the scraper, high above the level of the pavement appeared to be in line with the street light of the same color along the street. From this, the inference that a dangerously deceptive situation was presented could fairly be drawn even though the accident area was well-lighted. Substantially on the basis of these facts, the court below held that the City was negligent in not having the grader properly lighted and in not giving other adequate warning of its position. This is within the permissible limits consistent with the testimony. Where facts are found by the trial court sitting without a jury this court is bound by such findings of fact unless they are clearly contrary to the evidence, Hudon v. City of Butte, 111 Mont. 210, 107 P.2d 882; Duffie v. Metro. San. & Storm Sewer Dist., 147 Mont. 541, 417 P.2d 227; Studer Const. Co. v. Rural Special Improvement Dist., 148 Mont. 200, 418 P.2d 865.

██ The lower court determined that the plaintiff was driving in a cautious and prudent manner and maintained a proper lookout. A serious doubt as to these facts is raised, especially in view of the testimony as to the plaintiff's speed at the time of impact given by two impartial witnesses. However, the plaintiff testified that he was driving more slowly. Thus, there is a conflict in the testimony from which different conclusions could be drawn. The credibility of witnesses and the weight to be given their testimony are for the trial court, Ballenger v. Tillman, 133 Mont. 369, 324 P.2d 1045; Notti v.

Clark, 133 Mont. 263, 322 P.2d 112. This court will not overturn the holding or findings of a trial court unless there is a decided preponderance of the evidence against them, and, when the evidence furnishes reasonable grounds for different conclusions, findings will not be disturbed, Bostwick v. Butte Motor Co., 145 Mont. 570, 403 P.2d 614.

An accident report filed by defendant Dugdale with the Butte Police Department was admitted into evidence. The defendant objected on the grounds that this report was privileged, confidential and inadmissible under section 32-1213 and 32-1215, R.C.M.1947. The overruling of the objection is assigned as error.

R.C.M.1947, § 32-1213, reads, in part:

"(a) All required accident reports and supplemental reports shall be without prejudice to the individual so reporting and shall be for the confidential use of the board * * *.

"(c) No such report shall be used as evidence in any trial, civil or criminal, arising out of an accident * * *."

R.C.M.1947, § 32-1215, reads:

"Any incorporated city, town, village, or other municipality may by ordinance require that the driver of a vehicle involved in an accident shall also file with a designated city department a report of such accident or a copy of any report herein required to be filed with the supervisor. All such reports shall be for the confidential use of the city department and subject to the provisions of section 32-1213."

In view of the intent of the above two statutes the ruling of the trial judge was prejudicial to the appellants' case even though this was a case heard by the court without a jury.

When the objection was made by the appellant to the admission of the accident reports, the court said:

"The Court: Maybe they can't be used here but they are used in my Court and I see nothing confidential about reports. You have an exception. We have a running feud over at Helena on that proposition and I order the police and the patrol

to bring their records, and they bring them in, under protest, this is true, but I don't know why they should be given any halo sanctity or anything of that kind. It will be received for what they are worth, proceed."

The legislature makes the laws of this state. It is the court's duty to interpret those laws and not to judicially repeal legislation that does not conform to its position of what is right in the law of evidence.

The uniformity of other courts have upheld objection to admission of accident reports under statutes similar to that in Montana. Sprague v. Brodus, 245 Iowa 90, 60 N.W.2d 850, 853; Zollars v. Barber, 140 Cal.App.2d 502, 295 P.2d 561; Clark v. Reichman, 130 Colo. 329, 275 P.2d 952; Henry v. Condit, 152 Or. 348, 53 P.2d 722, 103 A.L.R. 131; Hastings v. Thurston, 100 Ariz. 302, 413 P.2d 767; 97 C.J.S., Witnesses, § 264, p. 757; 8 Wigmore, 3rd Ed., p. 766.

In a recent Federal case Stephenson v. Millers Mutual Fire Ins. Co., 236 F.Supp. 420, 422 (U.S.D.C. 1954), under a similar statute the court held that an accident report was confidential and inadmissible. The court there stated:

"* * *The State has a justifiable interest in encouraging the individual reporting to make a truthful, accurate, and complete report without fear of the report subsequently being used against him in a lawsuit."

Respondent urges that, even though technically error, that no prejudice resulted. Respondent points out that the trial court made a finding as follows:

"The position on Utah Avenue of plaintiff's motor vehicle when it was first observed by the defendant, Stanley Dugdale, is in conflict in the evidence. The court makes no findings in respect thereto as being immaterial under the other findings made herein."

This finding so-called only highlights the error committed by the trial court. The conflict referred to was created by the erroneous admission into evidence of the report.

■ While it is the general rule that the burden is upon appellants to show prejudice, Conway v. Fabian, 108 Mont. 287, 89 P.2d 1022, nevertheless when the trial court deliberately ignores the law, prejudice may be presumed. If this were not so, any trial court sitting without a jury, could, by the simple expedient of making a finding, ignore any law. Such, of course, cannot be.

In 5A C.J.S., Appeal and Error, § 1728, p. 1010, the general proposition is discussed in part by the author as follows:

"* * * The admission of incompetent evidence is reversible error even though there is sufficient evidence to support a judgment, if the competent evidence in the case does not demand such a judgment." Thigpen v. Batts, 199 Ga. 161, 33 S.E.2d 424.

■ In other words, what has been referred to as a presumption that the trial court based its findings upon only competent evidence, may be rebutted by a showing that the competent evidence does not demand such a finding.

In Finlen v. Heinze, 28 Mont. 548, 569, 73 P. 123, quoting from Montana Ore Purchasing Co. v. Butte & Boston Consol. Mining Co., 25 Mont. 427, 65 P. 420, the rule is stated in part: " '* * * Presumably the trial court based its findings upon such of the evidence before it as was competent, excluding from consideration such as had no weight or relevancy. The other evidence in the record, the competency of which is unquestioned, was sufficient to justify the findings, and the order will not therefore be reversed.' "

Reverting now to the instant case, the deliberate ignorance of the law does not attach any presumption that the trial court based its findings only on competent evidence.

■ Plaintiff, in rebuttal, called an engineer to the stand to testify concerning whether the mold board light on the grader could be seen from the front. Defendant objected that this was not proper rebuttal since plaintiff had introduced evidence regarding the lights on the grader in his case

in chief. Plaintiff argued that the purpose of this testimony was to rebut the testimony of defense witnesses who said the mold board light could be seen from the front. The court overruled the objection and accepted the testimony for this purpose. Whether rebuttal evidence should be admitted is a matter which rests largely within the discretion of the trial court, and only when there has been an abuse of this discretion may there be review of its decision. Spurgeon v. Imperial Elevator Co., 99 Mont. 432, 43 P.2d 891; Puutio v. Roman, 76 Mont. 105, 245 P. 523. In this instance, there appears to be no abuse of this discretion requiring review by this court.

But one remaining matter needs discussion since this matter goes back for a new trial. Testimony about changes made after the accident in lighting on snow removal equipment used by the city was received over objection. In view of what we have said hereinbefore, on retrial such evidence should not be admitted.

For the foregoing reasons, the judgment is reversed and a new trial granted. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES ADAIR and CASTLES concur.