506 P.2d 57

STATE of Utah, By and Through its ROAD
COMMISSION, Plaintiff and
Appellant,

v.

Robert J. HOPKINS et al., Defendants
and Respondents.

No. 12883.

Supreme Court of Utah.

Feb. 2, 1973.

Vernon B. Romney, Atty. Gen., Salt Lake City, Robert L. Gardner, Asst. Atty. Gen., Cedar City, for plaintiff and appellant.

Phillip L. Foremaster, St. George, Bryant H. Wall, Salt Lake City, for defendants and respondents.

ELLETT, Justice:

This is an appeal by the Utah State Road Commission from a judgment awarding compensation to a landowner for real property taken for the construction of a freeway and for severance damages to the remaining land not taken. There are two assignments of error which require our attention:

1. Did the trial court err in sustaining an objection to the question put to the landowner as to the price he paid for the property five or six years prior to the date of taking?

2. Did the trial court err in admitting into evidence an exhibit prepared by an expert witness showing the land subdivided into residential lots?

There are other assignments of error, but we deem them to be of no consequence after we dispose of the two assignments above set out.

As a general rule, the price paid for the land being condemned is competent evidence if not too remote in time. In this case the value of the property was to be determined as of July, 1970. It was purchased in January of 1965, some five years prior to the taking. The owner of the land was a witness but had not expressed an opinion as to the value thereof. He was asked on cross-examination how much he paid for the land, and the trial court sustained an objection to the question.

■ The cases seem to sustain the proposition that an owner who expresses an opinion as to value may be asked on cross-examination how much he paid for the property. That, however, is not this case.

■ Whether or not the purchase price of land is admissible in evidence as having some bearing on its present market value depends on the remoteness of time when the purchase was made and on other factors which might exist to cast doubts as to the value of the testimony. It is generally a matter for the court's discretion in allowing or rejecting the testimony. In this case the trial judge gave his reasons for rejecting the proffered testimony as follows:

Well, the matter having been submitted to the Court and the Court under Rule 9 of the Utah Rules of Evidence, taking judicial notice too of the general condition prevailing in Washington County with respect to land values and the real estate market, such facts being generally known and the Court being apprised of such facts by reason of other condemnation matters and other hearings before this Court and also under Rule 45, I believe it is, the Court finds that admission of this evidence as produced in your proffer may tend to confuse the issue or mislead the jury and the Court further finding that it [is] within the discretion of the Court, the objection is sustained.

We should not interfere with that ruling unless it manifestly appears that the court abused its discretion. There was evidence that there had been constructed in the City of St. George, Utah, some 75 homes per year for the past three years and that it was estimated that not more than 200 building lots in the city were available. There also was evidence that lots selling for $2500 in 1967 sold for as much as $8,000 in 1971.

■ We are unable to say that the trial court abused its discretion in rejecting the testimony as proffered.

■ As to the second assignment of error set out above, it should be noted that the City of St. George had platted the land in question into blocks and lots with streets indicated, although they had never been laid out on the ground and improved. The lots as shown on the city plat were each 132 feet by 264 feet. One of the expert witnesses, a fee appraiser, divided the land into residential lots of smaller size and showed by his plat, drawn to scale, that 23 building lots could be laid out on the land conforming to the provisions of the city zoning ordinances.

The admitted highest and best use to which the land could be put was that for residential purposes; and in order to ex-

press his opinion as to what he thought the property was worth before the taking, the expert witness calculated the number of lots which could be had from the land involved. We suppose that any interested purchaser would also have made similar calculations and would have been interested in the number of lots which could be obtained from the land.

There was no attempt to have the jury believe that the lots were actually then divided. It was merely to explain how the expert arrived at his opinion as to the value of the land.[1]

In the case of Montana State Highway Commission v. Jacobs, 150 Mont. 106, 435 P.2d 274, an expert witness for the landowner had prepared a plat similar to that in the instant case. The trial court received it in evidence over the objection of the State. In affirming the judgment, the Montana Supreme Court said:

It is common practice to allow a witness to use such aids as these plats to illustrate his testimony to the jury. Whether the use of these aids is proper rests largely in the sound discretion of the trial judge. Unless there is a manifest abuse of this discretion we will not overturn the lower court's discretion in the matter. [Citation omitted.]

The witnesses placed the value of the land taken and the damage to the remainder of the land by reason of the severance as follows:

| Witness | Value of Land Taken | Severance Damage | Total Damage |
|---|---|---|---|
| State's #1 | $35,800.00 | $10,700.00 | $46,500.00 |
| State's #2 | 35,867.30 | 9,074.34 | 44,941.64 |
| Landowner's #1 | 76,000.00 | 3,000.00 | 79,000.00 |
| Landowner's #2 | 74,100.00 | 6,000.00 | 80,100.00 |
| The jury found | 66,500.00 | 7,000.00 | 73,500.00 |

It thus appears that the verdict rendered was within the compass of evidence given to the jury; and since we do not find any prejudicial error in the record, we affirm the judgment. No costs are awarded.

TUCKETT, J., concurs.

CROCKETT, Justice (concurring with added comment):

I concur in the main opinion. But, I add this observation: I accept the correctness of the rule stated: That the price paid for the land, if not too remote in time, is competent evidence to be considered in ascertaining its value. But it is my opinion that five years is not too remote in time, and accordingly, that the trial court erred in sustaining the objection as to what defendant paid for the property. The trend is, and should be, toward liberality in admitting any relevant evidence which may be of assistance to the fact trier in analyzing the issues in the case.

Nevertheless, because of what appears to be the view expressed in the main opinion, that while the ruling may have been borderline, it did not transgress the limits of

the trial court's discretion, at least to the point of being prejudicial error warranting reversal of the case, I have concluded to concur with the decision, qualified by the foregoing comment.

HENRIOD, Justice (dissenting):

I respectfully dissent as to the points on appeal which the main opinion rejects, i. e., 1) error in refusing to permit the State to ask the condemnee what he paid for the land five years before, and 2) permitting evidence of value as to vacant property never used for residential purposes, by assessing its value based on what it might bring, not as a parcel, but as broken up in small residential building lots.

As to 1): It has always been the rule that it is admissibly proper that an owner, confronted with preservation or loss of his property, may or must say what he paid for the property,—and that this is a matter to tell the jury,—all of which the main opinion negates with the convenient response that it is a matter of discretion on the part of the court whether the jury should share the secret. The flaccidity of such conclusion would be, for example, to arrive at the same conclusion if the owner bought the property five months before for $100 an acre and one year later when he is asking $5,000 an acre, successfully could keep from the jury the fact that he is attempting to take the taxpayers for a $4,900 per acre profit, all because the court has some kind of discretion. I cannot believe five years to be so remote as to allow anyone to exercise any kind of discretion in concealing the purchase price to reflect value. The only reason for appealing cases, sometimes, is to test the discretion of the trial court, which in this case I think is not jurisprudentially sacrosanct, but realistically suspect.

As to 2): The main opinion completely ignores State v. Tedesco,[1] which I think is dispositive of this case with respect to evidence of platted undeveloped property, where someone who owns property or where maybe the city fathers a half century before simply drew a plat and admits that without the plat, he could get, say $1,000 on the market, but with his platted scheme he could get $100,000, *if*—and this "iffy" business is important,—he sold it in conjecturally individual, sidewalked, curb-and-guttered lots with sewer, electric service, gas service, garbage service, free of earthquakes, free from pollution problems, dysentery, no fire protection, a bad mayor, a worse city council, a commune next door, or what have you,—all of which just as conjecturally could make the land more valuable to raise carrots, to raise rabbits, to raise Cain.

CALLISTER, C. J., concurs in the dissenting opinion of HENRIOD, J.

1. 4 Utah 2d 248, 291 P.2d 1028 (1956).